IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ADRIEL OSORIO, individually and on behalf of all similarly situated persons,<br><br>    Plaintiff,<br><br>    v.<br><br>SPRINT NEXTEL CORPORATION and DOES 1-20,<br><br>    Defendants. | **JURY TRIAL DEMANDED**<br>   FILED: JUNE 4, 2008<br>   08CV 3228 NF<br>No.  JUDGE DARRAH<br>   MAGISTRATE JUDGE COLE |

## CLASS ACTION COMPLAINT

Plaintiff, Adriel Osorio, brings this action on behalf of himself and all persons similarly situated and, except as to those allegations pertaining to Plaintiff or his attorneys, which are based upon personal knowledge, alleges the following upon information and belief against Defendants, Sprint Nextel Corporation and Does 1-20 (individually and collectively, "Sprint" or Defendants"):

## INTRODUCTION

1. This action seeks relief for past and present employees of Defendants' retail stores, whom Defendants failed to pay due and owing overtime.

## PARTIES, JURISDICTION AND VENUE

2. Defendant Sprint Nextel Corporation is a Kansas corporation, has its principal offices in Reston, Virginia, does substantial business in this judicial District and in Illinois, exercises control over conduct alleged herein, and caused Plaintiff and similarly situated Sprint employees to be employed and/or paid at Sprint retail stores.

3. Doe Defendants 1-20 are officers, principals and agents of Sprint Nextel Corporation and/or other persons or entities sued by fictitious names who authorized, directed or otherwise participated in the unlawful conduct alleged herein.

4. Plaintiff will amend the Complaint to obtain relief against Doe Defendants to be truly named as appropriate.

5. Plaintiff is a citizen of the State of Illinois and resides in this judicial District.

6. This Court has jurisdiction over Plaintiff's claims, *inter alia*, pursuant to 28 U.S.C. § 1332 (d)(2). Based on the total value of the claims of Plaintiff and the other Class members, the total amount in controversy in this case exceeds, and Plaintiff and the Classes seek damages in excess of, $5,000,000.

7. Alternatively, the Court has jurisdiction over this action under 28 U.S.C. §§1331, 1337, and 1367, and 29 U.S.C. § 216(b). The Court has jurisdiction over the state-law claims under 28 U.S.C. §1367 because those claims are so related to the federal claim that they form part of the same case or controversy.

8. Venue is proper in this District under 15 U.S.C. §22 and 28 U.S.C.§1391 because Defendants reside, transact business, and/or are found within this District, and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

## FACTS

9. Defendants own and/or operate retail stores, which at relevant times have provided customer support, services and sales of wireless telecommunication and mobile phone services and products under various names, *e.g.,* such as Sprint or Sprint PCS (collectively hereinafter, "Sprint retail stores" or "retail stores").

10. Defendants have employed Plaintiff and the Class substantially on an hourly basis, and on a limited basis on commission, to operate their retail stores in Illinois and in other States.

11. Defendants have employed Plaintiff as a Lead Retail Consultant, a Senior Retail Consultant, and Retail Consultant at three Chicago, Illinois area Sprint retail stores inclusive of the years 2005-2007.

12. Defendant's failed to pay wages and overtime to Plaintiff and the Class at Sprint retail stores in the following ways, all of which give rise to Plaintiff's claims below.

**Defendants' Failure to Pay Employees Wages and Overtime for Working
In Excess of 40 Hours Per Week, *e.g.*, For Time Worked After Store Closing**

13. Defendants failed to pay wages and overtime compensation to its Sprint retail store employees, including, for example, Lead Retail Consultants, Senior Retail Consultants, and like employees, (collectively herein, "LEADS"), and Retail Consultants, whom Defendants required to *record* work-time of 40 hours or less per week, but to *work* in excess of 40 hours per week for purposes such as providing customer service.

14. Defendants failed to pay such employees for tasks such as continuing to work after scheduled work hours to assist customers after store closing.

**Defendants' Failure to Pay Employees Wages and Overtime for Attending Meetings**

15. Defendants also routinely require Sprint retail store employees to attend mandatory meetings for (e.g., whether for store, area, or regional employee meetings), for which Defendants failed to pay wages and overtime compensation.

**Defendants' Failure to Pay Lead Retail Consultants, Senior Retail Consultants, Keyholders, and/or Similar Employees, Wages and Overtime For Daily Store Set-Up or Closing Duties**

16. Defendants have employed LEADS, such as Plaintiff, to set up or close retail stores for daily business and to facilitate operations and customer service at retail stores. According to Sprint, "The Lead Retail Consultant assists the store manager in day-to-day operations including, store opening and closing, customer escalations, employee scheduling and making decisions in the absence of management. The Lead Retail Consultant serves as a subject matter expert that guides their team to build strong sales solutions and customer relationships." http://www.sprint.com/careers/retailjobs/jobs.html.

17. LEADS perform customer service and sales job duties in substantial part when Sprint retail stores are open for business.

18. Defendants also employ LEADS and other employees (sometimes and collectively for purposes herein known as "Keyholders") for purposes of performing job duties pertaining to closing and/or opening Sprint retail stores.

19. Sprint did not pay wages and overtime compensation for a multitude of tasks that LEADS and Keyholders were obligated to perform at times when retail stores were not open for business. Such tasks include unlocking doors, enabling or disabling the store alarm, counting money or distributing cash to employees, performing tasks for opening or closing the store, following security procedures, starting computers, and/or performing preparatory job duties, all of which are integral and indispensable to LEADS' and Keyholders' principal work activities and to the daily functioning of the retail store. Defendants provided no means for employees to record such work-time.

**Defendants' Failure to Pay Retail Store Employees For Time Elapsed During Computer and/or Software Start-Up**

20. Defendants require their retail store employees to "clock in" via computer in order to record their starting work time. But they cannot "clock in" until after starting, engaging, and logging into and/or activating a computer/computer software. During the interim—i.e., after reporting for work to the store, and until the log-in screen for the time-keeping software appears on their computer monitor and they are able to log-in, they are not paid.

**Defendants' Failure to Pay Overtime Based on Hourly Rate Plus Commission**

21. At times when Defendants did purport to pay Plaintiff and other retail store employees overtime (for working, e.g., in excess of 40 hours per week), Defendants only paid time and one-half of the employees' hourly wage, rather than time and one-half of their regular rate of pay – which, as required by law includes hourly wages *and* commissions.

**Defendants' Standardized Conduct**

22. Defendants have created a work environment where retail store employees must work more than 40 hours per week to do their jobs, but can only receive up to 40 hours of work per week of compensation.

23. To do their jobs, Defendants required that retail store employees attend meetings, "open" or "close" stores, continue to work after the close of business, and start/log into its computer software. But Defendants did not fully (or at all) compensate this work time.

24. Defendants, by virtue of their above-described conduct, converted more than forty-hour work weeks to forty-hour or less work weeks, and failed to pay Plaintiff and the Class due and owing wages and overtime wages for hours worked.

25.     Defendants keep computerized records of Plaintiff's and the Class members' work time and violations alleged herein, and have failed to pay them for overtime and time worked.

26.     Defendants could easily and accurately record the actual time retail store employees work as alleged above, however Defendants have attempted to minimize their retail store payroll, and to avoid or eliminate overtime pay-outs, by their practices and/or policy of effectively preventing employees from recording overtime and wages worked and managers from approving or paying compensation for it.

27.     Defendants, by failing to provide employees and/or managers with a means and enforceable protocol to record and/or pay compensation for time and overtime worked, have quite clearly failed to properly document employee timesheets.

28.     As a result of the above conduct, despite demands Defendants have unlawfully failed to timely pay Plaintiff and other retail store employees overtime wages, hourly wages, and a commensurate share of employee benefits (e.g., vacation and sick-leave pay).

29.     As fully described in detail herein, Plaintiff's state and federal claims arise out of a common nucleus of operative fact; the above facts give rise both to Plaintiff's FLSA claims and state law claims as set forth below.

<b><u>COLLECTIVE ACTION ALLEGATIONS</u></b>

<b>(For Unpaid Overtime Wages in Violation of the Fair Labor Standards Act)</b>

30.     Plaintiff brings Count I of this Complaint as a collective action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), on behalf of himself and the following Collective:

> **All persons who, at any time from three years preceding the date of filing of this Complaint to the date of trial, worked at a Sprint retail store and were not paid proper overtime wages for working in excess of forty hours per week, and who elect to participate in this collective action.**

31. Defendants failed to accurately record all hours worked by Sprint retail store employees whom Defendants required and expected to work in excess of 40 hours per week without getting paid for it.

32. An FLSA collective action will benefit Plaintiff and other retail store employees who were similarly subject to Defendants' practice of failing to pay overtime wages.

33. The number and identity of such similarly situated employees are ascertainable from Defendants' records.

34. The facts set forth here satisfy the lenient requirements for maintenance of a collective action under Section 216(b) of the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT

35. Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings Count I pursuant to the Fair Labor Standards Act (FLSA).

36. Defendants, by their conduct set forth above, knowingly and willfully violated the FLSA, 29 U.S.C. §201 *et seq*.

37. At relevant times, Plaintiff and other retail store employees were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

38. Defendants failed to pay Plaintiff and other retail store employees for all hours (or partial hours) worked, as set forth above. *See* ¶¶ 13-29, *supra*.

39.     Defendants failed to pay Plaintiff and other retail store employees wages as set forth above, including overtime wages when such unpaid work-time exceeded 40 hours per week, and overtime wages that were properly tabulated as a function of their regular rate of pay (e.g., hourly wage plus applicable commissions).

40.     Defendants failed to keep accurate records of time worked by Plaintiff and other retail store employees as required by the FLSA.  Defendants' practice and policy prevented Plaintiff and other retail store employees from recording earned wages in excess of forty hours per week, and prevented managers from approving time more than forty hours of time worked.

41.     Under the FLSA, an employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time that s/he is regularly required to spend on duties assigned to her or him.  Yet the Defendants did just that, by failing to compensate time worked in excess of 40 hours per week, i.e., in the course of opening or closing stores, attending meetings, "clocking in," and/or working excess hours (e.g., after the close of official store hours) as Defendants required or expected.

42.     Defendants' aforementioned conduct and violations of the FLSA were willful and intentional.

43.     Defendants did not make a good faith effort to comply with their duties to compensate Plaintiff and other retail store employees as required by the FLSA.

44.     As a result of Defendants' aforementioned conduct and FLSA violations, Plaintiff and other retail store employees were denied overtime wages and are entitled to damages and lost wages in amounts to be proven at trial.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that this Court grant the following relief:

a. That the Court find this case may be properly maintained as a collective FLSA action and permit additional plaintiffs to join the action;

b. That the Court find that the Defendants violated the FLSA and that their violations were willful, and enter judgment in Plaintiff's favor and against Defendants;

c. That the Court award back pay equal to the amount of all unpaid overtime wages for three years preceding the filing of this Complaint and/or according to the applicable statute of limitations;

d. That the Court award liquidated damages equal to the amount of unpaid back wages, pursuant to 29 U.S.C. 216(b);

e. That the Court award prejudgment interest with respect to the total amount of unpaid overtime compensation;

d. That the Court award Plaintiff and the other members of the Classes attorneys' fees and costs; and

e. That the Court award such other and further relief as the Court may deem just and appropriate, including prospective injunctive relief.

## CLASS ACTON ALLEGATIONS

**(For Unpaid Wages in Violation of State Law)**

45. Plaintiff also brings Counts II-V of this Complaint individually and, pursuant to F.R.C.P. 23, as representative of the following Class of similarly situated individuals:

**All persons employed at Sprint retail stores who were not paid wages or overtime wages required by law as follows:**

- **before or after hours that the store was open for business;**

- **in opening and closing a store;**

- **for attending work meetings;**

- **during computer or software start-up, up to the time when**

9

        the employee can "clock-in";

        and/or

- in excess of 40 hours per week.

Excluded from the Class are the officers and directors of Defendants and Plaintiff's counsel.

46.    Plaintiff reasonably believes that the Class includes thousands of members, making joinder of all members of the Class impracticable.

47.    Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members of the Class.

48.    Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to said Class members; and Plaintiff has retained counsel competent and experienced in class action litigation.

49.    A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Class is impracticable, prosecution of individual actions risks inconsistent adjudications of the same matter, and many members of the Class cannot feasibly vindicate their rights by individual suits because their damages are outweighed by the burden and expense of litigating individual actions against the corporate Defendants.

### COUNT II
### ILLINOIS WAGE PAYMENT AND COLLECTION ACT AND SIMILAR STATE WAGE ACTS

50.    Plaintiff repeats and realleges the paragraphs 1-29 as if fully alleged herein, and brings Count II individually and on behalf of Class members in Illinois and in all states where Sprint retail stores are located.

51.    At hire and continuing thereafter, Defendants agreed to pay Plaintiff and

the Class members for time worked, at agreed upon "wages" as defined by the IWPCA and similar state wage statutes where Sprint retail stores are located. *E.g.,* 820 ILCS § 115/2.

52. Defendants were required to pay Plaintiff and the Class members said wages for each and every pay period and for all hours (or portions thereof) worked or earned under the IWPCA and similar state wage statutes. *See* IWPCA, *e.g.,* 820 ILCS § 115/3.

53. Defendants knowingly failed to pay Plaintiff and the Class members said hourly wages, in violation of their employment agreements with Plaintiff and the Class, and the IWPCA and similar state wage statutes, and despite Plaintiff's demand to be paid for such violations.

54. As a result of the Defendants' willful failure to pay wages due and owing to Plaintiff and the Class for time worked, Plaintiff and the Class members were damaged in violation of the IWPCA and similar state wage statutes, in amounts to be proven at trial. *E.g.,* 820 ILCS § 115/4.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that this Court grant the following relief:

    a. That the Court find this case may be properly maintained as a class action, that the Court appoint Plaintiff as representative of the Class, and that the Court appoint Plaintiff's counsel as Class counsel;

    b. That the Court find that Defendants' conduct with respect to Plaintiff and the Class members violates the IWPCA and the aforementioned similar state wage acts, and grant judgment in Plaintiff's favor and against Defendants;

    c. That the Court award the full amount of wages and damages due for all unpaid hours as allowed by the IWPCA, *e.g.,* 820 ILCS §115/4, and the aforementioned similar state wage acts;

    d. That the Court require each Defendant to account for all wages and sums improperly withheld and received as a result of the aforementioned conduct, enjoin each Defendant from dispersing said monies, and impose a constructive trust on said monies until further order of the Court;

    e. That the Court award reasonable attorneys' fees and costs; and

f.       That the Court award such other and further relief as the Court may deem just and appropriate, including prospective injunctive relief.

### COUNT III – ILLINOIS MINIMUM WAGE LAW AND SIMILAR STATE OVERTIME LAWS

55.     Plaintiff repeats and realleges paragraphs 1-29 and 50-54 as if fully alleged herein, and brings Count III individually and on behalf of Class members in Illinois and in Arkansas, California, Colorado, Connecticut, Hawaii, Indiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, New Hampshire, New Jersey, New Mexico, New York, Nevada, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, Texas, Vermont, Washington, West Virginia, Washington, D.C., and Wisconsin (collectively herein, the "Overtime Law States").

56.     The same conduct giving rise to Plaintiff's claims above gives rise to Defendants' violations of the Illinois Minimum Wage Law (IMWL) and the similar statutes in the other Overtime Law States.

57.     Defendants are employers and Plaintiff and members of the Class are employees within the meaning of the IMWL and similar statutes in the other Overtime Law States, which all require Defendants to pay their non-exempt employees such as Plaintiff and Class members "overtime" at a rate of one and one-half times their regular rate of pay, *e.g.*, for time worked in excess of 40 hours in one week per 820 ILCS § 105/4a.

58.     Defendants, due to their above-described practices and policies, have refused and/or failed to pay Plaintiff and Class members overtime rates of pay that they are entitled under the IMWL and similar statutes in the other Overtime Law States, for overtime worked in the instances set forth above (*see* ¶¶ 13-29, *supra*), *e.g.*, in excess of 40 hours per week.

59.     At relevant times, when Defendants have paid overtime wages, they have refused and/or failed to pay Plaintiff and Class members 1.5 times the regular rate of pay – including 1.5

times a composite of the hourly rate and applicable commission combined – despite the fact that Plaintiff and Class members worked "overtime," *e.g.*, in excess of 40 hours per week.

60.  As a result of Defendants' above-described illicit conduct in violation of the IMWL and similar statutes in the other Overtime Law States, Plaintiff and Class members were damaged.

61.  Plaintiffs seek to recover from Defendants overtime wages (1.5 times the regular rate) for overtime worked, *e.g.* in excess of 40 hours per work week, plus statutory and punitive damages, attorneys' fees, and costs. *E.g.,* 820 ILCS §§ 105/4, 4a, 12.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a.  That the Court find this case may be properly maintained as a class action, and that the Court appoint Plaintiff as Class representative and Plaintiff's counsel as class counsel;

b.  That the Court find that Defendants have violated the IMWL and similar state acts in the other Overtime Law States as set forth above, and grant judgment in Plaintiff's favor and against Defendants;

c.  That the Court award damages to Plaintiff and the other members of the Class, including the full amount of overtime wages, statutory and punitive damages due and owing under the IMWL and similar state acts and applicable interest thereon;

d.  That the Court require each Defendant to account for all overtime wages and sums improperly withheld and received as a result of the aforementioned conduct, enjoin each Defendant from dispersing said monies, and impose a constructive trust on said monies until further order of the Court;

e.  That the Court award reasonable attorneys' fees and costs; and

f.  That the Court award such other and further relief as the Court may deem just and appropriate, including injunctive relief to assure compliance with the IMWL and similar state acts.

## COUNT IV– BREACH OF CONTRACT

62.  Plaintiff repeats and realleges the paragraphs 1-29 and 50-61 as if fully alleged herein, and brings Count IV individually and on behalf of Class members in Illinois and in all

states where Sprint retail stores are located.

63.     Plaintiff and the other Class members accepted Defendants' offer of employment and entered into substantially similar if not the same valid and enforceable hourly-wage employment agreements with Defendants that included materially similar (if not identical) terms and conditions.

64.     Pursuant to those oral contracts with Plaintiff and the Class, Defendants were required to pay them an agreed wage for time worked.  Also implicit in the contracts is Defendants' obligation to pay Plaintiff and the Class wages and overtime as required by law as set forth herein.

65.     However, Defendants, in breach of their employment contracts, did not pay Plaintiff and the Class the agreed wage for all time worked, or wages and overtime as required by applicable law, as set forth above.

66.     By accepting Defendants' offer of employment, entering into their employment contracts, and performing the obligations expected of them pursuant to same, Plaintiff and the Class were entitled to receive full compensation for all hours worked.

67.     As a result of Defendants' aforesaid breaches of contract, Plaintiff and the Class members were damaged, in violation of the common law of Illinois and the similar common law for breach of contract in all other states where Sprint retail stores are located.

68.     Defendants should account for all current and former Class members' improperly withheld wages, should be enjoined from dispersing said improperly withheld funds, and should be required to place such funds in a constructive trust until further order of the Court.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays

that this Court grant the following relief:

    a.    That the Court find this case may be properly maintained as a class action, and that the Court appoint Plaintiff as Class representative and Plaintiff's counsel as class counsel;

    b.    That the Court find that Defendants have breached their contracts with Plaintiff and the other members of the Class as set forth above, and grant judgment in Plaintiff's favor and against Defendants;

    c.    That the Court award damages to Plaintiff and the other members of the Class, including interest thereon;

    d.    That the Court award reasonable attorneys' fees and costs; and

    e.    That the Court award such other and further relief as the Court may deem just and appropriate.

## COUNT V
## UNJUST ENRICHMENT

69. Plaintiff repeats and realleges paragraphs 1-29 and 50-61 as if fully alleged herein, and brings Count V, rooted in violation of the above statutes and similar state acts and to the extent required by law in the alternative to Count IV, individually and on behalf of Class members in Illinois and in states where Sprint retail stores are located.

70. Defendants' above-described policies and/or practices violate the law and public policy.

71. Defendants were unjustly enriched as a result of their wrongful conduct by withholding, and keeping for themselves, wages for time and overtime worked, plus interest, and benefits therefrom, which Plaintiff and the Class members earned and are rightfully owed.

72. Defendants' retention of monies due to Plaintiff and the Class members violates fundamental principles of justice, equity and good conscience.

73. As a result, Plaintiff and the Class members each are entitled to restitution in an amount to be proven at trial, under the common law of unjust enrichment in Illinois and in states

where Sprint retail stores are located.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a. That the Court find this case may be properly maintained as a class action, and that the Court appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

b. That the Court find that the Defendants are unjustly enriched by virtue of their conduct as alleged herein, and grant judgment in Plaintiff's favor and against Defendants;

c. That the Court award restitution and/or damages to Plaintiff and the Class members;

d. That the Court require each Defendant to account for all wages and sums improperly withheld and received as a result of the aforementioned conduct, enjoin each Defendant from dispersing said monies, and impose a constructive trust on said monies until further order of the Court;

e. That the Court award reasonable attorneys' fees and costs; and

f. That the Court award such other and further relief as it may deem just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all causes of action and matters complained of herein that are so triable.

Respectfully submitted,

Adrielle Osorio, individually and on behalf of all similarly situated persons

By:   /s/ Ilan Chorowsky
        Plaintiff's Counsel

Ilan Chorowsky, Esq.
**PROGRESSIVE LAW GROUP LLC**
222 W. Ontario, Suite 310
Chicago, IL 60610
(312) 643-5893 (voice)
Illinois ARDC# 6269534