IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ADRIEL OSORIO, on behalf of himself and all similarly situated persons,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPRINT NEXTEL CORPORATION, SPRINT/UNITED MANAGEMENT COMPANY, and DOES 1-20,<br><br>　　　　　Defendants. | **JURY TRIAL DEMANDED**<br><br>No.  08 CV 3228<br><br>Judge Darrah<br>Magistrate Judge Cole |

**AMENDED CLASS ACTION COMPLAINT**

Plaintiff, Adriel Osorio, brings this action on behalf of himself and all persons similarly situated and, except as to those allegations pertaining to Plaintiff or his attorneys which are based upon personal knowledge, alleges as follows upon information and belief against Defendants, Sprint Nextel Corporation, Sprint/United Management Company, and Does 1-20 (individually and collectively, "Sprint" or "Defendants"):

**INTRODUCTION**

　　1.　　This action seeks relief for past and present employees of Defendants' retail stores, whom Defendants failed to pay due and owing overtime and wages.

**PARTIES, JURISDICTION
AND VENUE**

　　2.　　Defendant Sprint Nextel Corporation is a Kansas corporation, has its principal offices in Reston, Virginia, does substantial business in this judicial District and in Illinois, exercises relevant control over the operations of Sprint/United Management Company and/or the

conduct alleged herein, and caused Plaintiff and similarly situated Sprint employees to be employed and/or paid at Sprint retail stores.

3. Defendant Sprint/United Management Company is a Kansas corporation, has its principal offices in Overland Park, Kansas, and caused Plaintiff and similarly situated Sprint employees to be employed and/or paid at Sprint retail stores.

4. Doe Defendants 1-20 are officers, principals and agents of Sprint Nextel Corporation and/or Sprint/United Management Company, and/or other persons or entities sued by fictitious names who authorized, directed or otherwise participated in the unlawful conduct alleged herein or who acted directly or indirectly in the Sprint's interest in relation to employees who have claims as herein alleged.[1]

5. Plaintiff is a citizen of the State of Illinois and resides in this judicial District.

6. This Court has jurisdiction over Plaintiff's claims, *inter alia*, pursuant to 28 U.S.C. § 1332(d)(2). Based on the total value of the claims of Plaintiff and the other Class members, the total amount in controversy in this case exceeds, and Plaintiff and the Class seek damages in excess of, $5,000,000.

7. Alternatively, the Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1367, and 29 U.S.C. § 216(b). The Court has jurisdiction over the state-law claims under 28 U.S.C. §1367 because those claims are so related to the federal claim that they form part of the same case or controversy.

8. Venue is proper in this District under 28 U.S.C. § 1391 because one or more Defendants reside in this judicial District, and a substantial part of the events giving rise to

---

[1] Plaintiff will amend the Complaint to obtain relief against Doe Defendants to be truly named as appropriate.

Plaintiff's claims arose in this District.

## FACTS

9. Defendants own and operate retail stores – collectively hereinafter, "Sprint retail stores" or "retail stores" – which at relevant times have provided customer support, services and sales of wireless telecommunication and mobile phone services and products under various names, *e.g.,* such as Sprint or Sprint PCS.

10. Defendants have employed Plaintiff and other Class members, substantially on an hourly basis, and on a limited basis on commission, to operate retail stores in Illinois and in other States.

11. Defendants have employed Plaintiff as a Lead Retail Consultant, a Senior Retail Consultant, and Retail Consultant at three Chicago, Illinois area Sprint retail stores inclusive of the years 2005-2007.

12. Defendants failed to pay wages and overtime to Plaintiff and the Class at Sprint retail stores in the following ways, all of which give rise to Plaintiff's claims below.

**Defendants' Failure to Pay Employees Wages and Overtime for Working
In Excess of 40 Hours Per Week, *e.g.,* For Time Worked After Store Closing**

13. Defendants failed to pay wages and overtime compensation to their retail store employees, including, for example, Lead Retail Consultants, Senior Retail Consultants, and like employees, (collectively herein, "LEADS"), and Retail Consultants, whom at times Defendants required to *record* work-time of 40 hours or less per week, but to *work* in excess of 40 hours per week for purposes such as providing customer service.

14. Defendants failed to pay such employees for tasks such as continuing to work after scheduled work hours to assist customers after store closing.

**Defendants' Failure to Pay Employees Wages and Overtime for Attending Meetings**

15.     Defendants also routinely require Sprint retail store employees to attend mandatory meetings (e.g., store or district meetings), for which Defendants failed to pay wages and overtime compensation.

**Defendants' Failure to Pay Lead Retail Consultants, Senior Retail Consultants, Keyholders, and/or Similar Employees, Wages and Overtime For Daily Store Set-Up or Closing Duties**

16.     Defendants employ LEADS, such as Plaintiff, to set up or close its retail stores for daily business and to manage operations at its retail stores.  According to Sprint, "The Lead Retail Consultant assists the store manager in day-to-day operations including, store opening and closing, customer escalations, employee scheduling and making decisions in the absence of management. The Lead Retail Consultant serves as a subject matter expert that guides their team to build strong sales solutions and customer relationships." http://www.sprint.com/careers/retailjobs/jobs.html.

17.     LEADS perform customer service and sales related job duties when Sprint retail stores are open for business.

18.     Defendants also employ LEADS and other employees (sometimes and collectively for purposes herein known as "Keyholders") for purposes of performing job duties pertaining to closing and/or opening Sprint retail stores.

19.     Sprint did not pay wages and overtime compensation for a multitude of tasks that LEADS and Keyholders were obligated to perform at times when retail stores were not open for business.  Such tasks include unlocking doors, enabling or disabling the store alarm, counting money or distributing cash to employees, performing tasks for opening or closing the store, following security procedures, starting computers, and/or performing preparatory job duties, all

4

of which are integral and indispensable to LEADS' and Keyholders' principal work activities and to the daily functioning of the retail store.  Defendants provided no means for employees to record such work-time.

### Defendants' Failure to Pay Retail Store Employees For Time Elapsed During Computer and/or Software Start-Up

20.     Defendants require their retail store employees to "clock in" via computer in order to record their starting work time.  But they cannot "clock in" until after starting, engaging, and logging into and/or activating a computer/computer software.  During the interim—i.e., after reporting for work to the store, and until the log-in screen for the time-keeping software appears on their computer monitor, they are not paid.

### Defendants' Failure to Pay Overtime Based on Hourly Rate Plus Commission

21.     At times when Defendants did purport to pay Plaintiff and other retail store employees overtime (for working, e.g., in excess of 40 hours per week), Defendants only paid time and one-half of the employees' hourly wage, rather than time and one-half of their regular rate of pay – which, as required by law is an average hourly rate derived from hourly wages *and* commissions combined.

### Defendants' Standardized Conduct

22.     Defendants have created a work environment where their retail store employees sometimes must work more than 40 hours per week to do their jobs, but can only receive up to 40 hours of work per week of compensation.

23.     To do their jobs, Sprint required that retail store employees attend meetings, "open" or "close" stores, continue to work after the close of business, and start/log into its computer/software.  But Sprint did not fully (or at all) compensate this work time.

24. Defendants, by virtue of their above-described conduct, converted more than forty-hour work weeks to forty-hour or less work weeks, and failed to pay Plaintiff and the Class proper wages and overtime wages for hours worked.

25. Defendants keep computerized records of Plaintiff's and the Class members' work time, and have failed to pay them for overtime and time worked.

26. Defendants could easily and accurately record the actual time retail store employees work as alleged above, however Defendants have attempted to minimize their retail store payroll, and to avoid overtime pay-outs, by their practices and/or policies (and lack thereof), which effectively prevent employees from recording overtime and wages worked and managers from approving or paying proper compensation for it.

27. Defendants, by failing to provide employees and/or managers with a means and enforceable protocol to record and/or pay proper compensation for time and overtime worked, have quite clearly failed to properly document employee timesheets.

28. As a result of the above conduct, despite Plaintiff's demands Defendants have unlawfully failed to timely pay Plaintiff and other retail store employees overtime wages, hourly wages, and a commensurate share of employee benefits (e.g., vacation and sick-leave pay).

29. As fully described in detail herein, Plaintiff's state and federal claims arise out of a common nucleus of operative fact; the above facts give rise both to Plaintiff's FLSA claims and state law claims as set forth below.

## COLLECTIVE ACTION ALLEGATIONS

**(For Unpaid Overtime Wages in Violation of the Fair Labor Standards Act)**

30. Plaintiff brings Count I of this Complaint as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of himself and the following Collective:

> **All persons who, at any time during the past three years to the date of trial, worked at a Sprint retail store and were not paid or correctly paid overtime wages for working in excess of forty hours per week, and who elect to participate in this collective action.**

31. Defendants failed to accurately record all hours worked by Sprint retail store employees whom Defendants required and expected to sometimes work in excess of 40 hours per week without getting paid for it.

32. An FLSA collective action will benefit Plaintiff (*see* Exhibit A) and other retail store employees who were similarly subject to Defendants' practice of failing to pay (or correctly pay) overtime wages.

33. The number and identity of such similarly situated employees are ascertainable from Defendants' records.

34. The facts set forth here satisfy the lenient requirements for maintenance of a collective action under Section 216(b) of the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT

35. Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings Count I pursuant to the Fair Labor Standards Act (FLSA).

36. Defendants, by their conduct set forth above, knowingly and willfully violated the FLSA, 29 U.S.C. § 201 *et seq*.

37. At relevant times, Plaintiff and other retail store employees were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

38. Defendants failed to pay Plaintiff and other retail store employees for time worked as set forth above. *See* ¶¶ 13-29, *supra.*

7

39. Defendants failed to pay Plaintiff and other retail store employees wages for off-the-clock work, and thus failed to pay overtime wages when paid and unpaid work-time combined exceeded 40 hours per week.

40. Defendants failed to keep accurate records of time worked by Plaintiff and other retail store employees as required by the FLSA. Defendants' practice and policy prevented Plaintiff and other retail store employees from recording earned wages in excess of forty hours per week, and prevented managers from approving more than forty hours of time worked per week.

41. Under the FLSA, an employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time that s/he is regularly required to spend on duties assigned to her or him. Yet the Defendants did just that, by failing to compensate time worked in excess of 40 hours per week, i.e., in the course of opening or closing stores, attending meetings, "clocking in," and/or working excess hours (e.g., after the close of official store hours) as Defendants required or expected.

42. In instances when Defendants did pay overtime to Plaintiff and other retail store employees, Defendants paid only 1.5 times their hourly wage, but failed to pay 1.5 times their regular rate of pay (i.e., 1.5 times a composite of the hourly wage and applicable commissions combined).

43. Defendants' aforementioned conduct violates the FLSA and is willful and intentional.

44. Defendants did not make a good faith effort to comply with their duties to compensate Plaintiff and other retail store employees as required by the FLSA.

45. As a result of Defendants' aforementioned conduct, Plaintiff and other retail store employees were denied overtime wages at a rate of 1.5 times their regular rate of pay for time worked in excess of 40 hours per week and are entitled to damages and lost wages in amounts to be proven at trial.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a. Find that this case may be properly maintained as a FLSA collective action and permit additional plaintiffs to join the collective action;

b. Find that the Defendants violated the FLSA, and enter judgment in Plaintiff's favor and against Defendants;

c. Find that the Defendants willfully violated the FLSA, and enter judgment in Plaintiff's favor and against Defendants accordingly;

d. Award back pay equal to the amount of all unpaid overtime wages for the last three years, and/or according to the applicable statute of limitations;

e. Award liquidated damages equal to the amount of unpaid back wages, pursuant to 29 U.S.C. § 216(b);

f. Award prejudgment interest with respect to the total amount of unpaid overtime compensation;

g. Award Plaintiff and the other members of the Class attorneys' fees and costs; and

h. Award such other and further relief as the Court deems just and appropriate, including prospective injunctive relief.

## CLASS ACTON ALLEGATIONS

**(For Unpaid Wages in Violation of State Law)**

46. Plaintiff also brings Counts II-V of this Complaint individually and, pursuant to F.R.C.P. 23, as representative of the following Class of similarly situated individuals:

> **All persons employed at Sprint retail stores who were not paid wages or overtime wages required by law, as follows:**

9

- **before or after posted store hours;**

- **in opening or closing a store;**

- **for attending work meetings;**

- **during computer start-up, up to the time where the employee can "clock-in";**

- **in excess of 40 hours per week; *and/or***

- **where overtime was based on the hourly wage instead of the hourly wage and commissions.**

Excluded from the Class are the officers and directors of Defendants and Plaintiff's counsel.

47. Plaintiff reasonably believes that the Class includes at least hundreds of members, making joinder of all members of the Class impracticable.

48. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members of the Class.

49. Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to said Class members; and Plaintiff has retained counsel competent and experienced in class action litigation.

50. A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Class is impracticable, and many members of the Class cannot feasibly vindicate their rights by individual suits because their damages are outweighed by the burden and expense of litigating individual actions against the corporate Defendants.

## **COUNT II– BREACH OF CONTRACT**

51. Plaintiff repeats and realleges the preceding paragraphs and paragraphs 59-70 below as if fully alleged herein, and brings Count II individually and on behalf of Class members

10

in Illinois and in all states where Sprint retail stores are located.

52. Plaintiff and the other Class members accepted Sprint's offer of employment and entered into substantially similar if not the same valid and enforceable employment contracts with Sprint that included materially similar (if not identical) terms and conditions.

53. Pursuant to its oral contracts with Plaintiff and the Class, Sprint was required to pay them an agreed wage for time worked.

54. Plaintiff and the Class, by accepting Sprint's offer to work for an agreed wage per hour (or portion thereof), entering into employment contracts with Sprint, and performing the obligations expected of them pursuant to same, were entitled to receive full wages for time worked, and the full benefits of applicable wage laws.

55. However, Sprint, in breach of its employment contracts, did not pay Plaintiff and the Class the agreed wage for time worked, as set forth above.

56. Sprint also breached its obligation to pay Plaintiff and the Class in accordance with wage law provisions, stated in Counts III and IV below, which are terms implied in its employment contracts.

57. As a result of Sprint's aforesaid breaches of contract, Plaintiff and the Class members were damaged in violation of the common law of Illinois and the similar common law for breach of contract in all other states where Sprint retail stores are located.

58. Defendants should account for all current and former employees' improperly withheld wages, should be enjoined from dispersing said monies, and should be required to place such monies in a constructive trust until further order of the Court.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a. Find that this case may be properly maintained as a class action, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

b. Find that Defendants have breached their contracts with Plaintiff and the other members of the Class as set forth above, and grant judgment in Plaintiff's favor and against Defendants;

c. Award damages to Plaintiff and the other members of the Class, including interest thereon;

d. Require each Defendant to account for all monies improperly withheld as a result of the aforementioned conduct, enjoin each Defendant from dispersing said monies, and impose a constructive trust on said monies;

e. Award reasonable attorneys' fees and costs; and

f. Award such other and further relief as the Court deems just and appropriate.

## COUNT III
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT AND SIMILAR STATE WAGE ACTS

59. Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings Count III individually and on behalf of Class members in Illinois and in all states where Sprint retail stores are located.

60. At hire and continuing thereafter, Defendants agreed to pay Plaintiff and the Class members for time worked, at agreed upon "wages" as defined by the IWPCA and similar state statutes where Sprint retail stores are located. *E.g.,* 820 ILCS § 115/2.

61. Defendants were required to pay Plaintiff and the Class members said wages for each and every pay period and for all hours (or portions thereof) worked or earned under the IWPCA and similar state statutes. *See* IWPCA, *e.g.,* 820 ILCS § 115/3.

62. Defendants knowingly failed to pay Plaintiff and the Class members said hourly wages, in violation of their employment agreements with Plaintiff and the Class, and the IWPCA and similar state statutes, and despite Plaintiff's demand to be paid for such violations.

63. As a result of the Defendants' willful failure to pay wages due and owing to Plaintiff and the Class for time worked, Plaintiff and the Class members were damaged in violation of the IWPCA and similar state acts, in amounts to be proven at trial. *E.g.,* 820 ILCS § 115/4.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

    a.    Find that this case may be properly maintained as a class action, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

    b.    Find that Defendants' conduct with respect to Plaintiff and the Class members violates the IWPCA and similar acts in states where Sprint retail stores are located, and grant judgment in Plaintiff's favor and against Defendants;

    c.    Award the full amount of wages due for all unpaid hours as allowed by the IWPCA, *e.g.,* 820 ILCS §115/4, and the aforementioned similar state acts;

    d.    Award reasonable attorneys' fees and costs; and

    e.    Award such other and further relief as the Court deems just and appropriate, including prospective injunctive relief.

## COUNT IV–STATE OVERTIME LAWS

64. Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings Count IV individually and on behalf of Class members in Illinois and in California, Colorado, Connecticut, District of Columbia, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, Washington, West Virginia, and Wisconsin (collectively herein, the "Overtime Law States").

65. The same conduct giving rise to Plaintiff's claims above gives rise to Defendants' violations of the Illinois Minimum Wage Law (IMWL) and the similar statutes in the other Overtime Law States.

66. Defendants are employers and Plaintiff and members of the Class are employees within the meaning of the IMWL and similar statutes in other Overtime Law States, which all require Defendants to pay their non-exempt employees such as Plaintiff and Class members "overtime" at a rate of one and one-half times their regular rate of pay, *e.g.*, for time worked in excess of 40 hours in one week per 820 ILCS § 105/4a.

67. Defendants, due to their above-described practices and policies, have refused and/or failed to pay Plaintiff and Class members overtime that they are entitled to receive under the IMWL and similar statutes in the other Overtime Law States, for overtime worked in the instances set forth above (*see* ¶¶ 13-29, *supra*), *e.g.*, in excess of 40 hours per week.

68. When Defendants have paid overtime wages, they have refused and/or failed to pay Plaintiff and other Class members 1.5 times the regular rate of pay – including 1.5 times a composite of the hourly rate *and* commissions – despite the fact that Plaintiff and Class members worked "overtime," *e.g.*, in excess of 40 hours per week.

69. As a result of Defendants' above-described illicit conduct in violation of the IMWL and similar statutes in the other Overtime Law States, Plaintiff and Class members were damaged.

70. Plaintiff seeks to recover from Defendants overtime wages (1.5 times the regular rate of pay) for overtime worked, plus statutory and punitive damages, attorneys' fees, and costs. *E.g.*, 820 ILCS §§ 105/4a, 12a.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

    a.    Find that this case may be properly maintained as a class action, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

    b.    Find that Defendants have violated the IMWL and similar state acts as set forth above, and grant judgment in Plaintiff's favor and against Defendants;

    c.      Award damages to Plaintiff and other members of the Class, including the full amount of overtime wages, statutory and punitive damages due and owing under the IMWL and similar state acts and applicable interest thereon;

    d.      Require each Defendant to account for all monies improperly withheld as a result of the aforementioned conduct, enjoin each Defendant from dispersing said monies, and impose a constructive trust on said monies;

    e.      Award reasonable attorneys' fees and costs; and

    f.      Award such other and further relief as the Court may deem just and appropriate, including injunctive relief to assure compliance with the IMWL and similar state acts.

## COUNT V
## UNJUST ENRICHMENT

71. Plaintiff repeats and realleges paragraphs 1-50 and 59-70 as if fully alleged herein, and brings Count V rooted in violation of the above statutes and similar state acts, and as required by law in the alternative to Count II, individually and on behalf of Class members in Illinois and in states where Sprint retail stores are located.

72. Defendants' above-described policies and/or practices violate the law and public policy.

73. Defendants were unjustly enriched as a result of their wrongful conduct by withholding, and keeping for themselves, wages for time and overtime worked, plus interest, and benefits therefrom, including monies which Plaintiff and the Class members earned and are rightfully owed.

74. Defendants' retention of monies due to Plaintiff and the Class members violates fundamental principles of justice, equity and good conscience.

75. As a result, Plaintiff and the Class members are entitled to restitution in an amount to be proven at trial, under the common law of unjust enrichment in Illinois and in other states where Sprint retail stores are located.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a. Find that this case may be properly maintained as a class action, and appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

b. Find that the Defendants are unjustly enriched by virtue of their conduct as alleged herein, and grant judgment in Plaintiff's favor and against Defendants;

c. Award restitution and/or damages to Plaintiff and the Class members;

d. Require each Defendant to account for all monies improperly withheld as a result of the aforementioned conduct, enjoin each Defendant from dispersing said monies, and impose a constructive trust on said monies;

e. Award reasonable attorneys' fees and costs; and

f. Provide such other and further relief as it deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all causes of action and matters complained of herein that are so triable.

Respectfully submitted,

Adriel Osorio, on behalf of himself and all similarly situated persons

By:  /s Ilan Chorowsky
Counsel for Plaintiff

Ilan Chorowsky, Esq.
**PROGRESSIVE LAW GROUP LLC**
222 W. Ontario, Suite 310
Chicago, IL 60610
(312) 787-2717 (voice)
Illinois ARDC# 6269534

Frank Jablonski, Esq. (Wis. S.B.N. #1000174)
**PROGRESSIVE LAW GROUP LLC**
354 W. Main Street
Madison, WI 53703
(608) 258-8511 (voice)
*pro hac vice application to be filed*

## **CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that he will cause a copy of the foregoing Amended Class Action Complaint to be served upon the named Defendants simultaneously with service of the Summons and Class Action Complaint in this action, or by means of acceptance of service to be effectuated by the named Defendants.

              /s Ilan Chorowsky
                Ilan Chorowsky

# PLAINTIFF CONSENT TO JOIN FORM
# SPRINT OVERTIME PAY LAWSUIT

On occasions within the past three years, I worked more than 40 hours per week at a Sprint retail store but did not receive overtime pay.

I consent to be a plaintiff in the lawsuit against Sprint Nextel Corporation and Sprint/United Management Company to assert claims for employee overtime pay under the Fair Labor Standards Act.

_____  6-10-08
Signature                        Date

AORIEL OSORIO
Print Full Name