**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADRIEL OSORIO, on behalf of himself and all similarly situated persons, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 08CV3228 |
| SPRINT NEXTEL CORPORATION; SPRINT/UNITED MANAGEMENT COMPANY, and DOES 1-20, | ) ) ) ) | Judge Darrah |
| Defendants. | ) ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY AND MOTION TO DISMISS STATE-LAW CLASS ACTION CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Sprint/United Management Company ("Sprint") moves the Court to stay this action pending resolution of <u>Eng-Hatcher v. Sprint Nextel Corp., et al.</u>, Case No. 07-CIV-7350 (BSJ)(KNF) (S.D.N.Y.), currently pending in the United States District Court for the Southern District of New York.[1]  Sprint further moves to dismiss Plaintiff's Rule 23 state-law class action claims, Counts II-V, for failure to state a claim upon which relief can be granted.  The class action mechanism is not superior to other methods of adjudicating Plaintiff's state-law claims for unpaid wages because it subverts Congressional intent regarding the procedures applicable in wage and hour cases and because it would introduce insurmountable manageability problems into this case.

## I.  INTRODUCTION

Plaintiff's Amended Complaint asserts the following claims:  (1) an opt-in collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>, for unpaid

---

[1]  Because the parties have agreed that Plaintiff will dismiss Defendant Sprint Nextel Corporation from this case, Sprint Nextel Corporation does not join in this motion.

overtime wages and liquidated damages alleging that Sprint retail employees worked "off-the-clock"; (2) a Rule 23 class action for breach of contract on behalf of class members "in Illinois and in all states where Sprint retail stores are located," (Am. Compl. ¶ 51); (3) a Rule 23 class action for unpaid wages under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., and "similar state statutes where Sprint retail stores are located," (Amend. Compl. ¶ 59); (4) a Rule 23 class action for unpaid overtime wages, and statutory and punitive damages, under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq., and "similar statutes" applicable to class members "in Illinois and in California, Colorado, Connecticut, District of Columbia, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, Washington, West Virginia, and Wisconsin," (Amend. Compl. ¶¶ 64-65), and (5) a Rule 23 class action for restitution "under the common law of unjust enrichment in Illinois and in other states where Sprint retail stores are located," (Am. Compl. ¶ 75).

When Plaintiff filed his Complaint in June 2008, another case in which a Sprint retail employee alleged that she worked off-the-clock addressing the same legal issues and seeking to represent many of those who fall within Plaintiffs' purported class action, Eng-Hatcher v. Sprint Nextel Corp., et al., Case No. 07-CIV-7350 (BSJ)(KNF) (S.D.N.Y.), had been pending for more than nine months in the United States District Court for the Southern District of New York.  In Eng-Hatcher, another purported nationwide FLSA collective action, the plaintiff also is a former Retail Store Consultant of Sprint who brings claims for failure to pay minimum wage and overtime wages due to alleged working off-the-clock.  In fact, Plaintiff Osorio falls within the proposed definition of the Eng-Hatcher FLSA collective action. Pursuant to the first to file rule that has been applied by the courts of this district, the instant action should be stayed pending resolution of the Eng-Hatcher case in the Southern District of New York.

Plaintiff's Rule 23 state-law class action claims fail to state a claim upon which relief can be granted. The federal Rule 23 class action mechanism is not the superior method of adjudicating Plaintiff's state-law claims for unpaid wages because the Rule 23 opt-out class action mechanism is inherently incompatible with the procedural scheme mandated by Congress for FLSA claims – the opt-in collective action process. In addition, allowing Plaintiff to simultaneously prosecute both an opt-in FLSA collective action and an opt-out Rule 23 class action would create manageability problems, would confuse putative class members, and would introduce a host of individual state-law issues into this case, overwhelming any common issues with individual issues. As such, the Plaintiff cannot meet the requirements of Rule 23(b)(3) for class certification.

## II. ARGUMENT AND CITATION TO AUTHORITIES

**A.      This Action Should Be Stayed Under the First to File Rule.**

District courts in the Seventh Circuit have adopted the "first to file" rule, which holds that "[w]hen two similar actions are filed, the general rule favors the forum of the first-filed suit." Annett Holdings v. Certain Underwriters at Lloyds, No. 08C1106, 2008 U.S. Dist. LEXIS 46107, at *17 (N.D. Ill. June 12, 2008). Pursuant to this rule, "district courts normally stay or transfer a federal suit for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." Id. at *17 (quoting Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993)). Typically courts find that a suit is duplicative "if the claims, parties, and available relief do not significantly differ between the two actions." Moore v. Morgan Stanley & Co., No. 07C5605, 2007 U.S. Dist. LEXIS 90567, at *4 (N.D. Ill. Dec. 6, 2007) (quotations and citations omitted).

In applying the first to file rule, "[t]here is a rebuttable presumption the first case that establishes jurisdiction should be allowed to proceed." Moore, 2007 U.S. Dist. LEXIS 90567, at

\*\*4-5 (quoting <u>Asset Allocation & Management Co. v. Western Employers Ins. Co.</u>, 892 F.2d 566, 573 (7th Cir. 1989) and <u>Caccamo v. Greenmarine Holdings LLC</u>, No. 01 C 0899, 2001 U.S. Dist. LEXIS 8477, at \*\*3-4 (N.D. Ill. June 13, 2001)); <u>see also</u> <u>Hoosier Energy Rural Elec.</u> <u>Coop., Inc. v. Exelon</u>, No. 04C1761-JDT-TAB, 2005 U.S. Dist. LEXIS 43954, at \*8 (S.D. Ind. Sept. 26, 2005). The plaintiffs "bear the burden of showing compelling circumstances or an imbalance of convenience to overcome the presumption." <u>Moore</u>, 2007 U.S. Dist. LEXIS 90567 at \*4-5.

Many of the claims, parties, and available relief in this case are the same as in the <u>Eng-Hatcher</u> matter. The predominant issue in both cases is the issue of whether Sprint violated the law by maintaining a policy of requiring its retail store employees to work off-the-clock. Both plaintiffs allege that in order to reduce expenses, Sprint had policies requiring its retail store employees to work off-the-clock without being paid for all time worked, and that all of the plaintiffs' hours worked were not properly recorded.[2] (<u>See</u> Am. Compl. ¶¶ 30, 46; Eng-Hatcher Am. Compl. (attached hereto as Ex. A) ¶ 16.)[3]

Plaintiff Osorio asserts claims for violation of the FLSA and various states' laws for unpaid wages. Osorio seeks to bring an FLSA collective action comprised of retail store employees, including Lead Retail Consultants, Senior Retail Consultants, and Retail Consultants whom Defendants required to work "off the clock" and to "*record* work-time of 40 hours or less per week, but to *work* in excess of 40 hours per week for purposes such as providing customer service." (Am. Compl. ¶ 13 (emphasis in original).) Similarly, the <u>Eng-Hatcher</u> plaintiff asserts claims for unpaid wages under the FLSA and New York state law. The <u>Eng-Hatcher</u> plaintiff

---

[2] Less central to Plaintiff Osorio's allegations is a claim that when Defendants did pay overtime, the rate of pay was improperly calculated. (Amend. Compl. ¶ 21.)

[3] The Court may take judicial notice of matters of public record. <u>GE Capital Corp. v. Lease Resolution Corp.</u>, 128 F.3d 1074, 1080 (7th Cir. 1997).

also seeks to certify a nationwide FLSA collective class (excluding California) of current and former "Sales Representatives . . . who sold and/or marketed wireless telephone services, wireless telephones . . and other telecommunications products," including Retail Sales Consultants, who were not paid wages and overtime compensation pursuant to the FLSA. (Eng-Hatcher Am. Compl. (Ex. A) ¶ 2.) Any minor differences between the two cases "are not central to the class claims in both cases." Moore, 2007 U.S. Dist. LEXIS 90567 at *5 (staying class action pursuant to the first to file rule even though one case included an additional proposed class and additional allegations, because the "differences are not central to the class claims in both cases").

The time periods of the two cases also overlap—Osorio's FLSA claim potentially reaches back to June 4, 2005, and Eng-Hatcher's FLSA claim potentially reaches back to August 17, 2004. (29 U.S.C. § 255(a); Eng-Hatcher Am. Compl. ¶¶ 56-62; Am. Compl. ¶ 30.) In addition, both cases seek essentially the same remedies: injunctive relief, equitable remedies, compensatory damages, liquidated and/or punitive damages, attorneys' fees, and prejudgment interest. (Am. Compl. ¶¶ 45, 70; Eng-Hatcher Am. Compl. (Ex. A) ¶¶ 16-17.)

Furthermore, defendants Sprint United Management Company and Sprint Nextel Corporation are defendants in both lawsuits, and both plaintiffs are members of the same class of employees—retail store employees of Sprint. (Am. Compl. ¶¶ 30, 46; Eng-Hatcher Am. Compl. (Ex. A) ¶ 2); see also Mackey v. Board of Educ. for Arlington Central School Dist., 112 Fed. Appx 89, 91 (2d Cir. 2004) (affirming district court's dismissal of plaintiff's claims against a defendant because the claims duplicated claims that had been included in a separate class action, and the plaintiffs were members of those classes). Indeed, Plaintiff Osorio will be a class member who would receive notice in the Eng-Hatcher litigation if Ms. Eng-Hatcher is successful in obtaining certification of her nationwide collective action because he is included within the

class definition of "all current and former 'Sales Representatives'" of Sprint, including Retail
Consultants. (Eng-Hatcher Am. Compl. (Ex. A) ¶ 2.)

Finally, the <u>Eng-Hatcher</u> lawsuit was filed on August 17, 2007, nine months before this
case, and it is much further along in the litigation process. (<u>See</u> Eng-Hatcher Am. Compl. (Ex.
A).) The parties in <u>Eng-Hatcher</u> completed all discovery regarding class certification issues on
June 20, 2008 and completed briefing on class and conditional collective certification on August
6, 2008. (<u>See</u> Eng-Hatcher May 20, 2008 Scheduling Order (attached hereto as Ex. B).) The
FLSA collective action certification determination in <u>Eng-Hatcher</u> is therefore under active
consideration by the Court and will have a material impact on this case, as it could well dispose
of virtually all of Plaintiff's FLSA off-the-clock claims pertaining to retail store consultants.
Thus, "simultaneous litigation in both venues would expend significant judicial and litigant
resources." <u>Moore</u>, 2007 U.S. Dist. LEXIS 90567 at *5.

The first to file rule applies because the claims, parties, and available relief do not
significantly differ between the two actions and there are no factors present to rebut the
presumption that the first case filed should be allowed to proceed. As such, this case should be
stayed pending resolution of the <u>Eng-Hatcher</u> litigation in the Southern District of New York.

**B.    Plaintiff's Rule 23 State-Law Class Action Claims (Counts II – V) Should Be
        Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

To obtain class certification, the Plaintiff must establish all four elements of Rule 23(a)
(numerosity, commonality, typicality and adequacy of representation) and at least one of the
requirements set forth in Rule 23(b). Here, the Plaintiff attempts to satisfy Rule 23(b)(3), which
requires that "questions of law or fact common to class members predominate over any questions
affecting only individual members, and that a class action is superior to other available methods
for fairly and efficiently adjudicating the controversy." (<u>See</u> Am. Compl. ¶¶ 48, 50.) Allowing
Plaintiff to proceed through Rule 23 would subvert congressional intent that FLSA wage and

6

hour claimants must take affirmative action, i.e. opt-in, in order to sue.  Indeed, the Plaintiff has simultaneously brought such an FLSA collective action claim (Count I).  In addition, proceeding with an FLSA collective action, in combination with a Rule 23 class action, in the same action would be unmanageable and cause undue confusion for potential class members because of the simultaneous use of both opt-in and opt-out procedures in the same lawsuit.  As such, a Rule 23 class action is not the superior method for adjudicating Plaintiff's state-law claims for unpaid wages.

As one court observed, "[t]he controversy surrounding dual-filed wage claims, which the Seventh Circuit has not yet addressed, centers on the differences in the nature and procedures of FLSA collection actions and Rule 23 class actions." Riddle v. Nat. Security Agency, Inc., No. 05 C 5880, 2007 U.S. Dist. LEXIS 95807, at *14-15 (N.D. Ill. June 22, 2007) (noting that the viability of combined actions has been the subject of numerous opinions).  "Rule 23 includes all class members unless they specifically choose to 'opt-out.'  To the contrary, the FLSA makes a 'crucial policy decision' and requires all potential class members to 'opt-in.'" Yon v. Positive Connections, Inc., No. 04 C 2680, 2005 U.S. Dist. LEXIS 3396, at *8 (N.D. Ill. Feb. 2, 2005) (citing McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004)).

Collective actions under the FLSA are governed by 29 U.S.C. § 216(b), which authorizes actions "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  The statute further dictates that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b). "Congress created the opt-in procedure for FLSA claims 'for the purpose of limiting private FLSA plaintiffs to employees who asserted claims in their own right and freeing employers from the burden of representative actions.'" Riddle v. Nat. Security Agency, Inc., No. 05 C 5880,

2007 U.S. Dist. LEXIS 68842, at *9-10 (N.D. Ill. Sept. 13, 2007); <u>Warner v. Orleans Home Builders, Inc.</u>, 550 F. Supp. 2d 583, 588 (E.D. Pa. 2008) ("In response to a flood of litigation under the FLSA, Congress passed the Portal-to-Portal Act in 1947, in which it attempted to 'strike a balance to maintain employees' rights but curb the number of lawsuits.") (citing <u>DeAsencio v. Tyson Foods, Inc.</u>, 342 F.2d 301, 311 (3d Cir. 2003)).

The weight of authority in this District is that a Rule 23 class action seeking unpaid wages is legally incompatible with the opt-in mechanism required by the FLSA and therefore it is not appropriate for class certification. This court has found that "the reasoning of these opinions is compelling when the plaintiff has filed both federal and Illinois wage claims in federal court and seeks class certification on both." <u>Yon</u>, 2005 U.S. Dist. LEXIS 3396, at *10-11 (Darrah, J.). Several courts have recognized the important policy considerations that gave rise to the FLSA opt-in procedure and refused to certify as a class action state-law claims for unpaid wages. <u>McClain</u>, 222 F.R.D. at 577 (finding that plaintiff cannot "circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar in substance to the FLSA that lack the opt-in requirement"); <u>Riddle</u>, 2007 U.S. Dist. LEXIS 68842 at *9-10 (finding that plaintiff's state-law claims, regardless of how they were characterized, were claims for unpaid wages and that creating a Rule 23 class would thwart Congress's goals in creating the FLSA opt-in procedure); <u>Harper v. Yale Int'l Ins. Agency, Inc.</u>, No. 03 C 3789, 2004 U.S. Dist. LEXIS 8476, at *10, 18 (N.D. Ill. May 12, 2004) (denying certification of a class of state-law claimants and noting that plaintiffs "have arguably subverted congressional intent in creating the FLSA opt-in procedure by choosing to seek class certification of their IMWL claims instead of pursuing an FLSA collective action"); <u>Rodriguez v. Texan, Inc.</u>, No. 01 C 1478, 2001 U.S. Dist. LEXIS 24652, at *3 (N.D. Ill. March 7, 2001) ("That policy and the underlying congressional intent would be thwarted if a plaintiff were permitted to back door the shoehorning

in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an

opt-in requirement."); <u>Cf.</u> <u>Yon</u>, 2005 U.S. Dist. LEXIS 3396, at *10-11.

Courts in other districts have also held that the two schemes (opt-in versus opt-out) are

inherently incompatible and have therefore rejected state-law class action claims for unpaid

wages. <u>See</u>, <u>e.g.</u>, <u>Warner v. Orleans Home Builders, Inc.</u>, 550 F. Supp. 2d 583, 587-88 (E.D. Pa.

2008) (granting motion to dismiss state-law Rule 23 class action claim because "FLSA collective

actions for overtime pay are 'inherently incompatible' with Rule 23 state-law class actions for

overtime pay and . . . allowing the two types of actions to proceed in federal court in a single suit

would undermine Congress's intent in implementing an opt-in requirement for FLSA collective

actions"); <u>Herring v. Hewitt Associates, Inc.</u>, No. 06C0267 (GEB), 2006 U.S. Dist. LEXIS

56189, at *5-6 (D.N.J. Aug. 11, 2006) (striking plaintiff's class action allegations under the New

Jersey State Wage and Hour Law as a matter of law because they are legally incompatible with

FLSA claim); <u>Otto v. Pocono Health Sys.</u>, 457 F. Supp. 2d 522, 524 (M.D. Pa. 2006) (dismissing

state law class action claim; "To allow [a] Section 216(b) opt-in action to proceed accompanied

by a Rule 23 opt-out state-law class action claim would essentially nullify Congress's intent in

crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement.");

<u>Moeck v. Gray Supply Corp.</u>, No. 03C1950 (WGB), 2006 U.S. Dist. LEXIS 511, at *5-6, 15

(D.N.J. Jan. 5, 2006) (finding that plaintiffs' claims for fraud, negligent misrepresentation and

state-law statutory violations were preempted by the FLSA).

Here, the Plaintiff filed his lawsuit in federal court. <u>See</u> <u>Riddle</u>, 2007 U.S. Dist. LEXIS

95807 at *17 (noting that because the plaintiff had filed the lawsuit in federal court, any concern

that the defendant had "strategically removed the case to avoid a class action lawsuit in state

court" was eliminated). Combined within the same lawsuit, Plaintiff seeks to simultaneously

bring a nationwide opt-in collective action under the FLSA, a nationwide opt-out Rule 23 state-

law class action under Illinois law and the laws of numerous other states, and an opt-out Rule 23 state-law class action on behalf of employees in twenty-one states under the laws of those twenty-one states. Plaintiff's Rule 23 class action claims for unpaid wages are manifestly incompatible with the mechanism Congress has mandated in § 216(b) and therefore the Rule 23 class action mechanism is not the superior method of adjudicating these claims.

In addition to eviscerating congressional intent, there are compelling practical reasons why the Rule 23 class action mechanism is not a superior method for adjudicating Plaintiff's state-law claims. For example, allowing both types of claims to proceed would likely lead to discordant results. As one court recognized, if only a small number of employees elect to opt into the FLSA action, the court "would be left with the rather incongruous situation of an FLSA 'class' including only a tiny number of employees who are interested in seeking back wages, with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees." Muecke, No. 01 C 2361, 2002 U.S. Dist. LEXIS 11917, at *6 (N.D. Ill June 21, 2002). As the court explained, "[b]ecause all of the companies' present and former employees will have the chance to decide whether to join the case, and because those who wish to do so will be before the Court, it makes no real sense to the Court to certify a class that will *automatically* include all of the employees unless they opt out." Id. (emphasis in original). Thus, the court concluded that a class action was not a superior means of resolving the plaintiff's state-law claims. Id. at *7.

Proceeding simultaneously within the same action would also be difficult to manage. For example, it would be impossible to devise a notice that would not cause undue confusion to the potential class members. Riddle, 2007 U.S. Dist. LEXIS 68842 at *10-11 (finding "concern that putative class members would be confused by a notice that simultaneously details the procedure for opting into and out of [the] suit" compelling); McClain, 222 F.R.D. at 577 (noting that "it

may be confusing for a potential class member to receive a notice indicating that they must opt out of some claims and opt in to others"). This difficulty is only amplified by the breadth of the relief that Plaintiff seeks – a nationwide opt-in collective action for some claims, a nationwide class action for claims under each state's laws and a 21-state class action for yet other claims under the law of those twenty-one states. <u>Riddle</u>, 2007 U.S. Dist. LEXIS 95807 at *20 ("[T]he difficulty likely to be encountered in the management of a class action is certainly a factor a court is to consider in evaluating whether the class mechanism is a superior method of adjudication.").

In accordance with congressional intent, and in light of the practical considerations above, Rule 23 is not the superior method of adjudicating Plaintiff's state-law claims. Plaintiff must proceed through the FLSA's opt-in collective action process and Plaintiff's Rule 23 claims should be dismissed.

### III.  <u>CONCLUSION</u>

For the reasons set forth above, Sprint respectfully requests that the Court stay these proceedings until such time as the <u>Eng-Hatcher</u> lawsuit is resolved. In addition, Sprint requests that Plaintiff's Rule 23 claims be dismissed.

This 3rd day of September, 2008.

SPRINT/UNITED MANAGEMENT COMPANY


By  /s/ Michael L. Sullivan
     One of Its Attorneys

Michael L. Sullivan (ARDC 6207822)
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

J. Timothy Mc Donald
Christopher J. Willis
ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303
*Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 3, 2008, I caused to be served a true and correct copy

of  **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**

**STAY AND MOTION TO DISMISS STATE LAW CLASS ACTION CLAIMS**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE  12(b)(6)** with the Clerk of the

Court using the CM/ECF System which will automatically send e-mail notification of such filing

to the following attorney of record:

> Ilan Chorowsky, Esq.
> PROGRESSIVE LAW GROUP LLC
> 222 W. Ontario, Suite 310
> Chicago, Illinois 60610

> /s/ Michael L. Sullivan

# EXHIBIT A

Robert J. Shapiro, Esq.
Jonathan S. Shapiro, Esq.
The Shapiro Firm, LLP
500 Fifth Avenue, 14th Floor
New York, NY 10110
212-391-6464

Joseph H. Meltzer, Esq.
Gerald D. Wells, III, Esq.
Robert J. Gray, Esq.
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA 19087
610-667-7706



*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SPRINT NEXTEL CORPORATION; SPRINT/UNITED MANAGEMENT COMPANY; and DOES 1 through 10, inclusive,<br><br>        Defendantss. | CASE NO. 07-CV-7350 (BSJ)<br><br><br>**AMENDED CLASS / COLLECTIVE ACTION COMPLAINT**<br><br><br>JURY TRIAL REQUESTED |

Melissa Eng-Hatcher ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

**INTRODUCTION**

1.    Plaintiff brings this action on behalf of herself, and all other employees similarly situated ("Sales Representatives"), to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the

1

"Act") and pursuant to New York Labor Law and New York State Labor Department's Codes, Rules and Regulations ("NYCRR") (collectively the "NY Labor Laws").

2.    This is a nationwide collective action on behalf of all current and former "Sales Representatives," defined as: individuals who sold and/or marketed wireless telephone services, wireless telephones, telephone accessories and other telecommunication products (collectively "Wireless Products"), sold by Defendants (defined herein), including but not limited to employees with any one of the following job titles: (i) Assistant Manager, (ii) Sales Representative, (iii) Retail Consultant, (iv) Retail Sales Consultant, (v) Customer Service Representative, (vi) Account Executive and/or (vii) Sales Support, who are, or were, employed by Sprint Nextel Corporation ("Sprint Nextel"), Sprint/United Management Company ("Sprint/United") (together, "Sprint"), or any other parent, subsidiary, related, predecessor or successor companies (collectively, the "Company"), to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

3.    Further, Plaintiff brings this action as a state-wide class action on behalf of all current and former Sales Representatives within the State of New York to recover all unpaid wages and overtime compensation pursuant to the NY Labor Laws.

4.    Plaintiff is unaware of the names and capacities of those Defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each Defendants, including the DOE Defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other Defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such

relationship.  Unless otherwise specified, Plaintiff will refer to all Defendants, including the

Company, collectively as "Defendants" and each allegation pertains to each Defendants.

## SUMMARY OF CLAIMS

5.      Plaintiff brings this suit on behalf of a Class of similarly situated persons

composed of:

        a.      All current and former Sales Representatives of Defendants, excluding

those residing in the State of California, who elect to opt-in to this action pursuant

to FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class"); and

        b.      All current and former Sales Representatives of Defendants in the State of

New York at any time within six years prior to the filing of this action, up to and

including the time this case is certified as a class action, and were engaged in the

business of selling Wireless Products ("NY Class").

6.      The Nationwide Collective Class and the NY Class are hereafter collectively

referred to as the "Classes."

7.      Plaintiff alleges on behalf of herself and the members of the Nationwide

Collective Class that they are:  (i) entitled to unpaid wages from Defendants for hours worked in

which they did not receive mandated minimum wages, as required by law; (ii) entitled to unpaid

wages from Defendants for overtime work for which they did not receive overtime premium pay,

as required by law; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §

201 *et seq.*

8.      Plaintiff further alleges on behalf of the NY Class that Defendants violated the

NY Labor Laws by, *inter alia*: (i) failing to provide the mandated minimum wage for all hours

worked; (ii) failing to pay them overtime at the rate of one and one-half times the employee's

3

regular rate for all hours worked in excess of forty (40) hours in any given workweek; and (iii) impermissibly deducting monies from their compensation.

9.     As a result of Defendants' violation of the FLSA and NY Labor Laws, Plaintiff and members of the Classes were illegally under-compensated for their work.

## FACTUAL ALLEGATIONS

10.     Plaintiff and the other similarly situated members of the Classes are/were employees of Defendants, engaged in the sale of Wireless Products, who were not paid for all the hours they worked, including the payment of premium overtime pay as required by law for hours worked above and beyond forty (40) for a work week.

11.     The crux of federal and New York state employment and labor laws is one simple proposition – employees are entitled to be paid for all hours worked.

12.     Indeed, unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of 40 hours per week.

13.     The duties of Sales Representatives are set forth in uniform, company-wide policies and procedures promulgated by Defendants.

14.     Pursuant to the Defendants' uniform employment policies, Sales Representatives were required to record their hours worked through a computer system at their retail location. Sales Representatives log into the system each time they begin a workday, begin and return from a rest or lunch break, and when they end their day.   The data entered by the Sales Representatives is processed by Defendants to calculate the pay of the Sales Representatives.

15.     Upon information and belief and pursuant to Defendants' employment policies, managers of the retail locations have access to the data entered by the Sales Representatives, and

can manipulate the recorded hours entered by the Sales Representatives before the data is processed by Defendants and the pay of the Sales Representatives is calculated.

16.     Upon information and belief, Sales Representatives, including Plaintiff and the members of the Classes, were required to perform work for the benefit of Defendants while they were "Off the Clock." This practice entailed members of the Class performing work either before their official time-keeping record began, or after their official time-keeping period ended ("Off the Clock"). Sales Representatives are/were not credited for the time spent performing services Off the Clock.

17.     Further, Plaintiff and the members of the Classes were encouraged by Defendants to regularly promote Defendants' Wireless Products and solicit new accounts outside Defendants' retail stores. Upon information and belief, Sales Representatives were not properly credited and compensated with their hourly rate for all the hours worked promoting and soliciting Defendants' Wireless Products.

18.     The direct result of Defendants' employment policies and procedures is that the members of the Classes were not compensated for all the hours they worked.

19.     Additionally, as a result of Defendants' Off the Clock practice, Plaintiff and members of the Classes were not credited for all their actual hours worked. The effect of this is that the actual hours worked by Plaintiff and members of the Classes were above forty during some workweeks, thereby making them eligible for premium overtime compensation. However, due to Defendants' Off the Clock practice, the recorded hours of Plaintiff and members of the Classes did not reflect these overtime hours.

20.     Moreover, Plaintiff and the members of the Classes were not provided with all mandatory meal breaks uninterrupted as required by the NY Labor Laws. Due to the nature of

their responsibilities Sales Representatives are/were often limited to taking their lunch break within their retail location, and were interrupted by customer responsibilities.

21.    Further, upon information and belief, if Plaintiff and the members of the Classes were unable to take their full meal break uninterrupted, Defendants still automatically deducted time for the lunch break from the time records of the Sales Representative for that day.

22.    Although the FLSA and NY Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

23.    First and foremost, Plaintiff and members of the Classes are not administratively exempt because, among other things, their primary duty is the sale of Wireless Products. Individuals whose principal duty is sales do not fall within the ambient of the administrative exemption.

24.    Plaintiff and the Classes do not qualify for the professional exemption under the FLSA and NY Labor Laws because Sales Representatives are not employed in a *bona fide* professional capacity, requiring an advanced degree in a field of science or learning.

25.    Further, Sales Representatives also do not qualify for the executive exemption, in that they are not responsible for managing the affairs of the Company.

26.    Moreover, as Sales Representatives are primarily paid on an hourly basis, the commissioned sales exemption does not apply.

27.    Finally, because they worked in Defendants' retail locations and were not customarily and regularly engaged away from Defendants' place of business, Sales Representatives do not qualify for any outside sales exemption.

28.    As such, Sales Representatives, including Plaintiff and members of the Classes are not exempt from the requirement of premium overtime pay.

29.    In violation of the FLSA and New York Labor Laws, Plaintiff and the members of the Classes are/were not paid for all the hours worked in a given workweek, and are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for each hour worked beyond 40 hours in a work week.

30.    Plaintiff alleges on behalf of the members of the Classes that Defendants' failure to pay wages for all hours worked and premium overtime compensation for all hours worked in excess of forty per work week was knowing and willful.  Accordingly, Plaintiff and the members of the Classes are entitled to recover all wages due for hours worked, including overtime, for which the appropriate compensation was not paid.

31.    Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Classes, as well as the applicable compensation rates, is in the possession of Defendants.  If these records are unavailable, members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

32.    In further violation of the NY Labor Laws, Plaintiff and members of the NY Class were subject to chargebacks to their wages if a customer to whom they sold a Wireless Product subsequently cancelled their phone plan or returned a Wireless Product, even though the cancellation was through no fault of the Sales Representative.

33.    Each of the foregoing acts is in contravention of applicable employment laws.

## JURISDICTION AND VENUE

34.    This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

35.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including Plaintiff, have a different citizenship from Defendants; and (iii) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

36.     Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

37.     In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

38.     Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendants are subject to personal jurisdiction in this district.

**PARTIES**

39.     Melissa-Eng Hatcher ("Plaintiff") is a resident of New York employed by Defendants as a Sales Representative in this district during the statutory period covered by this Complaint, who Defendants failed to compensate for all hours worked, including hours above and beyond forty hours during a work week.

40.     For purposes of the Nationwide Collective Class, Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b)[1].

41.     Defendant Sprint is a corporation organized and existing under the laws of the State of Kansas which is registered to do business in the State of New York.  Sprint Nextel was

---

[1] *See*, Docket Entry No. 1, filed on August 17, 2007, and attached to the original Complaint.

formed in 2005 resulting from a merger transaction between Sprint Corporation, Inc. and Nextel

Communications, Inc.  Upon information and belief, Defendant Sprint/United is a subsidiary of

Sprint Nextel.

42.     Defendants do business as a national provider of wireless telephone services and

products with stores located nationwide.  At all relevant times during the statutory period

covered by this Complaint, Defendants have maintained stores within the State of New York and

this district.  Defendants employ, upon information and belief, hundreds of Sales Representatives

in New York at any one time during the relevant class period, and Plaintiff believes the

Nationwide Collective Class is far larger.

<b><u>COLLECTIVE / CLASS ACTION ALLEGATIONS</u></b>

43.     Plaintiff brings this action on behalf of the Nationwide Collective Class as a

collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of the NY

Class as a state class action, for claims under the NY Labor Laws pursuant to the Federal Rules

of Civil Procedure 23.

44.     The claims under the FLSA may be pursued by those who opt-in to this case

pursuant to 29 U.S.C. § 216(b).  The claims under the NY Labor Laws may be pursued by all

similarly-situated persons who choose not to opt-out of the NY Class, pursuant to the Federal

Rules of Civil Procedure 23.

**<u>Allegations Applicable To All Classes</u>**

45.     The members of each of the foregoing defined classes are so numerous that

joinder of all members is impracticable.  While the exact number of the members of the Classes

is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery,

Plaintiff believes there are, at minimum, hundreds of individuals in each class.

46.    Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, the members of the Classes.

47.    A class action/collective action suit, such as the instant one, is superior to other available means for the fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for the members of the Classes to individually seek redress for the wrongs done to them.

48.    A class/collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of FLSA § 207, and NY Labor Laws.

49.    Furthermore, even if every member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

50.    There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a.    Whether the Defendants employed the members of the Classes within the meaning of the applicable statutes, including the FLSA and NY Labor Laws;

b.     Whether Defendants failed to pay Plaintiff and members of the Classes all compensation due to them, including premium overtime compensation for each hour worked in excess of forty for a work week;

c.     Whether Plaintiff and members of the Classes were expected to and/or mandated to regularly work hours Off the Clock;

d.     Whether Plaintiff and the members of the Classes were credited for all actual hours worked;

e.     Whether Defendants failed to pay Plaintiff and members of the Classes for all hours worked;

f.     Whether Defendants violated any other statutory provisions regarding compensation due to Plaintiff and members of the Classes; and

g.     Whether Plaintiff and the members of the Classes have sustained damages and, if so, what is the proper measure of damages.

51.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**Allegations Specific To the Collective Action Class**

52.    Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

All persons, excluding those residing in the State of California, who: (i) are/were employed as Sales Representatives with the Company; (ii) who are/were not paid for all the hours worked in a given workweek; (iii) are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate for each hour worked beyond forty (40) hours during a work week; and (iv) who chose to opt-in to this action (the "National Collective Class").

53.    Notice of the pendency and any resolution of this action can be provided to National Collective Class by mail, print, and/or internet publication.

**Allegations Specific to the Class Action Class**

54.    Plaintiff brings this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of herself and the following persons similarly situated (the "NY Class"):

All persons within the State of New York who: (i) are/were employed as Sales Representatives with the Company; (ii) are/were not paid for all the hours worked in a given workweek; and (iii) are/were not paid premium overtime compensation at a rate not less than one and one-half times their regular rate for all hours worked beyond the forty (40) hour work week (the "Class Action Members").

55.    In addition to the common issues of fact described below, members of the NY Class have numerous common issues of fact, including whether Defendants: (i) failed to compensate adequately the members of the NY Class for overtime hours worked as required by New York Labor Law Article 19 §§ 650 *et seq*. and N. Y.C.R.R. § 142 -2.2; (ii) failed to compensate adequately the members of the NY Class for all hours worked as required by Article 19 §652; (iii) improperly deducted amounts from their wages in violation of Article 6 § 193; and (iv) damaged members of the NY Class, and if so, the extent of the damages.

12

## COUNT ONE

56.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

57.    At all relevant times, Defendants have been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA.

59.    As stated above, Defendants have a policy and practice of refusing to pay overtime compensation to Plaintiff and the Nationwide Collective Class in an amount equal to one and one half times their regular rate of pay for each hour worked in excess of forty hours per week.

60.    Defendants' failure to pay Plaintiff and all other members of the Nationwide Collective Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the 40 hour workweek, is a violation of the Fair Labor Standards Act of 1938, in particular 29 U.S.C. §§ 206, 207.

61.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

62.    Due to the Defendants' FLSA violations, Plaintiff, on behalf of the members of the Nationwide Collective Class, is entitled to recover from Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

63.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

64.    As stated above, Plaintiff and members of the Classes were required to perform work on behalf of Defendants while Off the Clock.

65.    Consequently, Plaintiff and members of the Nationwide Collective Class did not receive compensation for the amount of time they spent working Off the Clock at a rate at least equal to the federal minimum wage.

66.    Pursuant to Section 16(c) of the Act, Plaintiff and the members of the Nationwide Collective Class are entitled to liquidated damages equal in amount to the unpaid compensation for the hours worked in which they did not receive compensation equal to the federal minimum wage in an amount to be proven at trial, together with interest, costs, and reasonable attorneys' fees.

## COUNT THREE

67.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

68.    New York Labor Law Article 19 § 652 states that an employer shall pay to each employee a minimum wage for each hour worked, unless the employee falls under an enumerated exemption.

69.    As stated above, Plaintiff and members of the Classes were required to perform work on behalf of Defendants while Off the Clock.

70.    Plaintiff and the members of the NY Class were not compensated at a rate at least equal to the New York minimum wage for all hours worked.

14

71.    Pursuant to New York Labor Law, Plaintiff and members of the NY Class are entitled to recover their wages, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

## COUNT FOUR

72.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

73.    Pursuant to Defendants' employment policies Plaintiff and the members of the NY Class were not credited for all hours worked.

74.    Plaintiff and the members of the NY Class worked hours in excess of forty per week for which they did not receive premium compensation.

75.    12 N.Y.C.R.R. Section 142-2.2 and New York Labor Law Article 19 § 650 *et seq.* state that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week unless the employee falls under one of the enumerated exemptions.

76.    Pursuant to New York Labor Law Article 19 § 663 , Plaintiff and members of the NY Class are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

## COUNT FIVE

77.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

78.    New York Labor Law Article 6 § 193, as well as applicable case law, state that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary cost of doing business to that employee.

79.    Specifically, Section 193 states that, "No employer shall make any charge against wages...unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section."

80.    Defendants' Chargeback policy is not a permissible deduction pursuant to NY Labor Law.

81.    Defendants have subjected members of the NY Class to illegal deductions from wages, which deductions were not for the benefit of the NY Class, nor authorized by the NY Labor Laws.

82.    Plaintiff and the members of the Class are entitled to recovery of such amounts, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

A.    A Declaration that Defendants have violated the FLSA and other applicable employment laws;

B.    An Order designating the Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C.    An Order designating the NY Class as a New York state class action pursuant to the Federal Rule of Civil Procedure 23;

D.    An Order appointing Plaintiff and their counsel to represent the Classes;

E.    Imposition of a Constructive Trust on any amount by which Defendants was unjustly enriched at the expense of the Classes as the result of the actions described above;

16

F.    An Order enjoining Defendants from any further violations of the FLSA and NY Labor Laws;

G.    For compensatory and punitive damages and all other statutory remedies permitted;

H.    Prejudgment interest;

I.    An Order awarding attorneys' fees and costs;

J.    An Order for equitable restitution of all wages improperly withheld or deducted by Defendants;

K.    For all other relief as the Court deems just.

L.    No penalties, liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

**JURY DEMAND**

Plaintiff hereby requests a jury trial on all issues so triable.

DATED: October 9, 2007

By:_____
Robert J. Shapiro
Jonathan S. Shapiro
**THE SHAPIRO FIRM, LLP**
500 Fifth Avenue, 14th Floor
New York, NY 10110
Telephone: (212) 391-6464

**SCHIFFRIN BARROWAY TOPAZ &
KESSLER, LLP**
Joseph H. Meltzer
Gerald D. Wells, III
Robert J. Gray
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiff*

# EXHIBIT B

MAY-20-2008  17:26        USDC,USMJ KEVIN FOX              212 805 6712    P.02/02

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION; SPRINT/UNITED MANAGEMENT COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.07-CV-7350-BSJ-KNF<br><br>[PROPOSED] SCHEDULING ORDER<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC # _____<br>DATE FILED: _5/20/08_ |

## [PROPOSED] SCHEDULING ORDER

Pursuant to the joint request to extend the discovery deadline, the following schedule is hereby established:

1. All discovery must be completed on or before June 20, 2008.

2. The plaintiff shall serve and file any motion(s) respecting conditional collective action certification / class action certification on or before July 11, 2008.

3. The defendants shall serve and file any response to the motion(s) on or before July 25, 2008.

4. The plaintiff shall serve and file any reply(ies) on or before August 6, 2008.

_Kevin Nathaniel Fox_

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TOTAL P.02