## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ADRIEL OSORIO, on behalf of himself and all similarly situated persons, | ) ) ) |
| Plaintiff, | ) No. 08 cv 3228 ) |
| vs. | ) Judge Darrah ) |
| | ) Magistrate Judge Cole |
| SPRINT NEXTEL CORPORATION, SPRINT/UNITED MANAGEMENT COMPANY, and DOES 1-20, | ) ) ) ) |
| Defendants. | ) ) |

## <u>ANSWER OF DEFENDANT SPRINT/UNITED MANAGEMENT COMPANY</u>

Defendant Sprint/United Management Company answers the allegations in

Plaintiff's Amended Class Action Complaint ("the Complaint") as follows:

### <u>INTRODUCTION</u>

1.    This action seeks relief for past and present employees of Defendants' retail stores, whom Defendants failed to pay due and owing overtime and wages.

**<u>ANSWER:</u>**    With respect to Paragraph 1 of the Complaint, Defendant denies that it failed

to pay any wages or overtime to Plaintiff or any member of the putative class and denies that

Plaintiff or any member of the putative class is entitled to any recovery in this action.

### <u>PARTIES, JURISDICTION</u>
### <u>AND VENUE</u>

2.    Defendant Sprint Nextel Corporation is a Kansas corporation, has its principal offices in Reston, Virginia, does substantial business in this judicial District and in Illinois, exercises relevant control over the operations of Sprint/United Management Company and/or the conduct alleged herein, and caused Plaintiff and similarly situated Sprint employees to be employed and/or paid at Sprint retail stores.

**ANSWER:**    Defendant denies the allegations in Paragraph 2 of the Complaint, except

that Defendant admits that Sprint Nextel Corporation is a Kansas corporation.

> 3.    Defendant Sprint/United Management Company is a
> Kansas corporation, has its principal offices in Overland
> Park, Kansas, and caused Plaintiff and similarly situated
> Sprint employees to be employed and/or paid at Sprint
> retail stores.

**ANSWER:**    With respect to Paragraph 3 of the Complaint, Defendant admits that

Sprint/United Management Company is a Kansas corporation with its principal offices in

Overland Park, Kansas, and that it employed and paid Plaintiff and other individuals who

worked at Sprint retail stores.  The remaining allegations in Paragraph 3 of the Complaint are

denied.

> 4.    Doe Defendants 1-20 are officers, principals and agents
> of Sprint Nextel Corporation and/or Sprint/United
> Management Company, and/or other persons or entities
> sued by fictitious names who authorized, directed or
> otherwise participated in the unlawful conduct alleged
> herein or who acted directly or indirectly in the Sprint's
> interest in relation to employees who have claims as
> herein alleged.[1]

**ANSWER:**    Defendant denies that it engaged in any unlawful or actionable conduct, and

therefore denies the allegations in Paragraph 4 of the Complaint and its accompanying

footnote.

> 5.    Plaintiff is a citizen of the State of Illinois and resides in
> this judicial District.

**ANSWER:**    Defendant has insufficient knowledge to admit or deny the allegations in

Paragraph 5 of the Complaint, and therefore denies the same.

---

[1] Plaintiff will amend the Complaint to obtain relief against Doe Defendants to be truly named as
appropriate.

6.      This Court has jurisdiction over Plaintiff's claims, *inter alia*, pursuant to 28 U.S.C. § 1332(d)(2). Based on the total value of the claims of Plaintiff and the other Class members, the total amount in controversy in this case exceeds, and Plaintiff and the Class seek damages in excess of, $5,000,000.

**ANSWER:**    With respect to Paragraph 6 of the Complaint, Defendant admits that this Court has jurisdiction over this action, but denies that it is liable to Plaintiff or any member of the putative class.

7.      Alternatively, the Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1367, and 29 U.S.C. § 216(b). The Court has jurisdiction over the state-law claims under 28 U.S.C. §1367 because those claims are so related to the federal claim that they form part of the same case or controversy.

**ANSWER:**    With respect to Paragraph 7 of the Complaint, Defendant admits that this Court has jurisdiction over the FLSA claims in this action, but denies that it is liable to Plaintiff or any member of the putative class.  The remaining allegations in Paragraph 7 of the Complaint are denied.

8.      Venue is proper in this District under 28 U.S.C. § 1391 because one or more Defendants reside in this judicial District, and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

**ANSWER:**    With respect to Paragraph 8 of the Complaint, Defendant states that venue is proper in this district as to Sprint/United Management Company, but denies that Plaintiff has any claims against any Defendant.  The remaining allegations in Paragraph 8 of the Complaint are denied.

## FACTS

9.      Defendants own and operate retail stores – collectively hereinafter, "Sprint retail stores" or "retail stores" – which at relevant times have provided customer support, services and sales of wireless telecommunication and

> mobile phone services and products under various
> names, *e.g.*, such as Sprint or Sprint PCS.

**ANSWER:**     Defendant admits the allegations in Paragraph 9 of the Complaint that Sprint

retail stores provided the products and services listed in Paragraph 9 of the Complaint.  The

remaining allegations in Paragraph 9 of the Complaint are denied.

> 10.     Defendants have employed Plaintiff and other Class
> members, substantially on an hourly basis, and on a
> limited basis on commission, to operate retail stores in
> Illinois and in other States.

**ANSWER:**     With respect to Paragraph 10 of the Complaint, Defendant admits that

Sprint/United Management Company employed Plaintiff, as well as other individuals who

worked at retail stores, and that certain of Sprint/United Management Company's retail store

employees (including Plaintiff) were paid an hourly wage and could earn commissions in

accordance with Sprint/United Management Company's commission plans.  The remaining

allegations in Paragraph 10 of the Complaint are denied.

> 11.     Defendants have employed Plaintiff as a Lead Retail
> Consultant, a Senior Retail Consultant, and Retail
> Consultant at three Chicago, Illinois area Sprint retail
> stores inclusive of the years 2005-2007.

**ANSWER:**     With respect to Paragraph 11 of the Complaint, Defendant admits that

Sprint/United Management Company employed Plaintiff at certain retail stores in Illinois,

and that Plaintiff held the job titles listed in Paragraph 11 of the Complaint.  Defendant

further admits that Plaintiff was employed by Sprint/United Management Company for a

portion of the year 2005, the year 2006 and a portion of the year 2007.  The remaining

allegations in Paragraph 11 of the Complaint are denied.

> 12.     Defendants failed to pay wages and overtime to Plaintiff
> and the Class at Sprint retail stores in the following
> ways, all of which give rise to Plaintiff's claims below.

Case 1:08-cv-03228    Document 15    Filed 09/03/2008    Page 5 of 23

**ANSWER:**    Defendant denies the allegations in Paragraph 12 of the Complaint.

### Defendants' Failure to Pay Employees Wages and Overtime for Working In Excess of 40 Hours Per Week, *e.g.*, For Time Worked After Store Closing

13.    Defendants failed to pay wages and overtime compensation to their retail store employees, including, for example, Lead Retail Consultants, Senior Retail Consultants, and like employees, (collectively herein, "LEADS"), and Retail Consultants, whom at times Defendants required to record work-time of 40 hours or less per week, but to work in excess of 40 hours per week for purposes such as providing customer service.

**ANSWER:**    Defendant denies the allegations in Paragraph 13 of the Complaint.

14.    Defendants failed to pay such employees for tasks such as continuing to work after scheduled work hours to assist customers after store closing.

**ANSWER:**    Defendant denies the allegations in Paragraph 14 of the Complaint.

### Defendants' Failure to Pay Employees Wages and Overtime for Attending Meetings

15.    Defendants also routinely require Sprint retail store employees to attend mandatory meetings (*e.g.*, store or district meetings), for which Defendants failed to pay wages and overtime compensation.

**ANSWER:**    Defendant denies the allegations in Paragraph 15 of the Complaint.

### Defendants' Failure to Pay Lead Retail Consultants, Senior Retail Consultants, Keyholders, and/or Similar Employees, Wages and Overtime For Daily Store Set-Up or Closing Duties

16.    Defendants employ LEADS, such as Plaintiff, to set up or close its retail stores for daily business and to manage operations at its retail stores. According to Sprint, "The Lead Retail Consultant assists the store manager in day-to-day operations including, store opening and closing, customer escalations, employee scheduling and making decisions in the absence of management. The Lead Retail Consultant serves as a subject matter expert that guides their team to build strong sales solutions and customer relationships."
http://www.sprint.com/careers/retailjobs/jobs.html.

- 5 -

**ANSWER:**    With respect to Paragraph 16 of the Complaint, Defendant admits that certain of Sprint/United Management Company's store employees are sometimes referred to as "Leads," and that such employees' duties generally can include those described in Paragraph 16 of the Complaint.  The remaining allegations in Paragraph 16 of the Complaint are denied.

> 17.    LEADS perform customer service and sales related job duties when Sprint retail stores are open for business.

**ANSWER:**    Defendant admits the allegations in Paragraph 17 of the Complaint.

> 18.    Defendants also employ LEADS and other employees (sometimes and collectively for purposes herein known as "Keyholders") for purposes of performing job duties pertaining to closing and/or opening Sprint retail stores.

**ANSWER:**    With respect to Paragraph 18 of the Complaint, Defendant states that certain store employees, sometimes including "Leads," may be designated as a keyholder and participate in the opening or closing of a Sprint store on some occasions.  The remaining allegations in Paragraph 18 of the Complaint are denied.

> 19.    Sprint did not pay wages and overtime compensation for a multitude of tasks that LEADS and Keyholders were obligated to perform at times when retail stores were not open for business. Such tasks include unlocking doors, enabling or disabling the store alarm, counting money or distributing cash to employees, performing tasks for opening or closing the store, following security procedures, starting computers, and/or performing preparatory job duties, all of which are integral and indispensable to LEADS' and Keyholders' principal work activities and to the daily functioning of the retail store. Defendants provided no means for employees to record such work-time.

**ANSWER:**    Defendant denies the allegations in Paragraph 19 of the Complaint.

**Defendants' Failure to Pay Retail Store Employees For Time Elapsed During Computer and/or Software Start-Up**

20.    Defendants require their retail store employees to "clock in" via computer in order to record their starting work time. But they cannot "clock in" until after starting, engaging, and logging into and/or activating a computer/computer software. During the interim—i.e., after reporting for work to the store, and until the log-in screen for the time-keeping software appears on their computer monitor, they are not paid.

**ANSWER:**    Defendant admits that, at certain times, certain of Sprint/United Management Company's retail store employees have "clocked in" via computer in order to record the time that they began work. The remaining allegations in Paragraph 20 of the Complaint are denied.

**Defendants' Failure to Pay Overtime Based on Hourly Rate Plus Commission**

21.    At times when Defendants did purport to pay Plaintiff and other retail store employees overtime (for working, *e.g.*, in excess of 40 hours per week), Defendants only paid time and one-half of the employees' hourly wage, rather than time and one-half of their regular rate of pay – which, as required by law is an average hourly rate derived from hourly wages and commissions combined.

**ANSWER:**    Defendant denies the allegations in Paragraph 21 of the Complaint.

**Defendants' Standardized Conduct**

22.    Defendants have created a work environment where their retail store employees sometimes must work more than 40 hours per week to do their jobs, but can only receive up to 40 hours of work per week of compensation.

**ANSWER:**    Defendant denies the allegations in Paragraph 22 of the Complaint.

23.    To do their jobs, Sprint required that retail store employees attend meetings, "open" or "close" stores, continue to work after the close of business, and start/log into its computer/software. But Sprint did not fully (or at all) compensate this work time.

**ANSWER:**     With respect to Paragraph 23 of the Complaint, Defendant admits that, on occasion, some of Sprint/United Management Company's retail store employees may have been required to attend meetings, participate in the opening or closing of retail stores, and to operate computers in the retail stores.   The remaining allegations in Paragraph 23 of the Complaint are denied.

24.   Defendants, by virtue of their above-described conduct, converted more than forty-hour work weeks to forty-hour or less work weeks, and failed to pay Plaintiff and the Class proper wages and overtime wages for hours worked.

**ANSWER:**     Defendant denies the allegations in Paragraph 24 of the Complaint.

25.   Defendants keep computerized records of Plaintiff's and the Class members' work time, and have failed to pay them for overtime and time worked.

**ANSWER:**     With respect to Paragraph 25 of the Complaint, Defendant admits that Sprint/United Management Company has electronically stored records relating to its employees' work time.   The remaining allegations in Paragraph 25 of the Complaint are denied.

26.   Defendants could easily and accurately record the actual time retail store employees work as alleged above, however Defendants have attempted to minimize their retail store payroll, and to avoid overtime pay-outs, by their practices and/or policies (and lack thereof), which effectively prevent employees from recording overtime and wages worked and managers from approving or paying proper compensation for it.

**ANSWER:**     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.   Defendants, by failing to provide employees and/or managers with a means and enforceable protocol to record and/or pay proper compensation for time and overtime worked, have quite clearly failed to properly document employee timesheets.

**ANSWER:**     Defendant denies the allegations in Paragraph 27 of the Complaint.

         28.    As a result of the above conduct, despite Plaintiff's demands Defendants have unlawfully failed to timely pay Plaintiff and other retail store employees overtime wages, hourly wages, and a commensurate share of employee benefits (*e.g.*, vacation and sick-leave pay).

**ANSWER:**     Defendant denies the allegations in Paragraph 28 of the Complaint.

         29.    As fully described in detail herein, Plaintiffs state and federal claims arise out of a common nucleus of operative fact; the above facts give rise both to Plaintiff's FLSA claims and state law claims as set forth below.

**ANSWER:**     Defendant denies that Plaintiff has any claim under either the FLSA or any other legal theory  The remaining allegations in Paragraph 29 of the Complaint are denied.

## COLLECTIVE ACTION ALLEGATIONS

### (For Unpaid Overtime Wages in Violation of the Fair Labor Standards Act)

         30.    Plaintiff brings Count I of this Complaint as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of himself and the following Collective:

         **All persons who, at any time during the past three years to the date of trial, worked at a Sprint retail store and were not paid or correctly paid overtime wages for working in excess of forty hours per week, and who elect to participate in this collective action.**

**ANSWER:**     Paragraph 30 of the Complaint contains no factual allegations, so a response is not required.  To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint and denies that any collective action is appropriate in this case.

         31.    Defendants failed to accurately record all hours worked by Sprint retail store employees whom Defendants required and expected to sometimes work in excess of 40 hours per week without getting paid for it.

**ANSWER:**    Defendant denies the allegations in Paragraph 31 of the Complaint.

      32.    An FLSA collective action will benefit Plaintiff (*see* Exhibit A) and other retail store employees who were similarly subject to Defendants' practice of failing to pay (or correctly pay) overtime wages.

**ANSWER:**    Defendant denies the allegations in Paragraph 32 of the Complaint.

      33.    The number and identity of such similarly situated employees are ascertainable from Defendants' records.

**ANSWER:**    Defendant denies the allegations in Paragraph 33 of the Complaint.

      34.    The facts set forth here satisfy the lenient requirements for maintenance of a collective action under Section 216(b) of the FLSA.

**ANSWER:**    Defendant denies the allegations in Paragraph 34 of the Complaint.

## COUNT I
## FAIR LABOR STANDARDS ACT

      35.    Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings Count I pursuant to the Fair Labor Standards Act (FLSA).

**ANSWER:**    Defendant incorporates its responses to the preceding Paragraphs of the Complaint herein by reference.

      36.    Defendants, by their conduct set forth above, knowingly and willfully violated the FLSA, 29 U.S.C. § 201 et seq.

**ANSWER:**    Defendant denies the allegations in Paragraph 36 of the Complaint.

      37.    At relevant times, Plaintiff and other retail store employees were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**    With respect to Paragraph 37 of the Complaint, Defendant admits that Plaintiff was an employee and Defendant Sprint/United Management Company was

Plaintiff's employer for purposes of the FLSA.  The remaining allegations in Paragraph 37 of the Complaint are denied.

        38.    Defendants failed to pay Plaintiff and other retail store employees for time worked as set forth above. *See* ¶¶ 13-29, *supra*.

**ANSWER:**    Defendant denies the allegations in Paragraph 38 of the Complaint.

        39.    Defendants failed to pay Plaintiff and other retail store employees wages for off-the-clock work, and thus failed to pay overtime wages when paid and unpaid work-time combined exceeded 40 hours per week.

**ANSWER:**    Defendant denies the allegations in Paragraph 39 of the Complaint.

        40.    Defendants failed to keep accurate records of time worked by Plaintiff and other retail store employees as required by the FLSA. Defendants' practice and policy prevented Plaintiff and other retail store employees from recording earned wages in excess of forty hours per week, and prevented managers from approving more than forty hours of time worked per week.

**ANSWER:**    Defendant denies the allegations in Paragraph 40 of the Complaint.

        41.    Under the FLSA, an employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time that s/he is regularly required to spend on duties assigned to her or him. Yet the Defendants did just that, by failing to compensate time worked in excess of 40 hours per week, i.e., in the course of opening or closing stores, attending meetings, "clocking in," and/or working excess hours (e.g., after the close of official store hours) as Defendants required or expected.

**ANSWER:**    Defendant denies the allegations in Paragraph 41 of the Complaint.

        42.    In instances when Defendants did pay overtime to Plaintiff and other retail store employees, Defendants paid only 1.5 times their hourly wage, but failed to pay 1.5 times their regular rate of pay (i.e., 1.5 times a

composite of the hourly wage and applicable commissions combined).

**ANSWER:**    Defendant denies the allegations in Paragraph 42 of the Complaint.

43.    Defendants' aforementioned conduct violates the FLSA and is willful and intentional.

**ANSWER:**    Defendant denies the allegations in Paragraph 43 of the Complaint.

44.    Defendants did not make a good faith effort to comply with their duties to compensate Plaintiff and other retail store employees as required by the FLSA.

**ANSWER:**    Defendant denies the allegations in Paragraph 44 of the Complaint.

45.    As a result of Defendants' aforementioned conduct, Plaintiff and other retail store employees were denied overtime wages at a rate of 1.5 times their regular rate of pay for time worked in excess of 40 hours per week and are entitled to damages and lost wages in amounts to be proven at trial.

**ANSWER:**    Defendant denies the allegations in Paragraph 45 of the Complaint and denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause following Paragraph 45 of the Complaint..

## CLASS ACTON ALLEGATIONS
### (For Unpaid Wages in Violation of State Law)

46.    Plaintiff also brings Counts II-V of this Complaint individually and, pursuant to F.R.C.P. 23, as representative of the following Class of similarly situated individuals:

**All persons employed at Sprint retail stores who were not paid wages or overtime wages required by law, as follows:**

•    **before or after posted store hours;**

•    **in opening or closing a store;**

•    **for attending work meetings;**

> - **during computer start-up, up to the time where the employee can "clock-in";**
>
> - **in excess of 40 hours per week; and/or**
>
> - **where overtime was based on the hourly wage instead of the hourly wage and commissions.**
>
> Excluded from the Class are the officers and directors of Defendants and Plaintiff's counsel.

**ANSWER:**    Paragraph 46 of the Complaint contains no factual allegations, and therefore, no response is required.    To the extent a response is required, Defendant denies the allegations in Paragraph 46 of the Complaint and denies that any class can be certified in this action.

> 47.    Plaintiff reasonably believes that the Class includes at least hundreds of members, making joinder of all members of the Class impracticable.

**ANSWER:**    Defendant denies the allegations in Paragraph 47 of the Complaint.

> 48.    Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members of the Class.

**ANSWER:**    Defendant denies the allegations in Paragraph 48 of the Complaint.

> 49.    Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to said Class members; and Plaintiff has retained counsel competent and experienced in class action litigation.

**ANSWER:**    Defendant denies the allegations in Paragraph 49 of the Complaint.

> 50.    A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, joinder of all members of the Class is impracticable, and many members of the Class cannot feasibly vindicate their rights by individual suits because their damages are outweighed by the burden and expense of litigating individual actions against the corporate Defendants.

**ANSWER:**    Defendant denies the allegations in Paragraph 50 of the Complaint.

## COUNT II
## BREACH OF CONTRACT

51.    Plaintiff repeats and realleges the preceding paragraphs and paragraphs 59-70 below as if fully alleged herein, and brings Count II individually and on behalf of Class members in Illinois and in all states where Sprint retail stores are located.

**ANSWER:**    Defendant incorporates its responses to the preceding Paragraphs of the Complaint herein by reference.    Defendant further denies that any class action may be properly certified in this case.

52.    Plaintiff and the other Class members accepted Sprint's offer of employment and entered into substantially similar if not the same valid and enforceable employment contracts with Sprint that included materially similar (if not identical) terms and conditions.

**ANSWER:**    With respect to Paragraph 52 of the Complaint, Defendant admits that Plaintiff's employment with Sprint/United Management Company was on an at-will basis. The remaining allegations in Paragraph 52 of the Complaint are denied.

53.    Pursuant to its oral contracts with Plaintiff and the Class, Sprint was required to pay them an agreed wage for time worked.

**ANSWER:**    With respect to Paragraph 53 of the Complaint, Defendant admits that Plaintiff's employment with Sprint/United Management Company was on an at-will basis and that Sprint/United Management Company was required to pay Plaintiff a specified amount of money per hour worked.    The remaining allegations in Paragraph 53 of the Complaint are denied.

54.    Plaintiff and the Class, by accepting Sprint's offer to work for an agreed wage per hour (or portion thereof), entering into employment contracts with Sprint, and performing the obligations expected of them pursuant to

same, were entitled to receive full wages for time worked, and the full benefits of applicable wage laws.

**ANSWER:**    With respect to Paragraph 54 of the Complaint, Defendant admits that Sprint/United Management Company was required to pay Plaintiff a specified amount of money per hour worked.  The remaining allegations in Paragraph 54 of the Complaint are denied.

55.    However, Sprint, in breach of its employment contracts, did not pay Plaintiff and the Class the agreed wage for time worked, as set forth above.

**ANSWER:**    Defendant denies the allegations in Paragraph 55 of the Complaint.

56.    Sprint also breached its obligation to pay Plaintiff and the Class in accordance with wage law provisions, stated in Counts III and IV below, which are terms implied in its employment contracts.

**ANSWER:**    Defendant denies the allegations in Paragraph 56 of the Complaint.

57.    As a result of Sprint's aforesaid breaches of contract, Plaintiff and the Class members were damaged in violation of the common law of Illinois and the similar common law for breach of contract in all other states where Sprint retail stores are located.

**ANSWER:**    Defendant denies the allegations in Paragraph 57 of the Complaint.

58.    Defendants should account for all current and former employees' improperly withheld wages, should be enjoined from dispersing said monies, and should be required to place such monies in a constructive trust until further order of the Court.

**ANSWER:**    Defendant denies the allegations in Paragraph 58 of the Complaint and denies that Plaintiffs is entitled to any of the relief sought in the "WHEREFORE" clause following Paragraph 58 of the Complaint.

## COUNT III
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## AND SIMILAR STATE WAGE ACTS

59.    Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings Count III individually and on behalf of Class members in Illinois and in all states where Sprint retail stores are located.

**ANSWER:**    Defendant incorporates its responses to the preceding Paragraphs of the Complaint herein by reference.   Defendant further denies that any class action may be properly certified in this case.

60.    At hire and continuing thereafter, Defendants agreed to pay Plaintiff and the Class members for time worked, at agreed upon "wages" as defined by the IWPCA and similar state statutes where Sprint retail stores are located. *E.g.*, 820 ILCS § 115/2.

**ANSWER:**    With respect to Paragraph 60 of the Complaint, Defendant admits that Sprint/United Management Company was required to pay Plaintiff a specified amount of money per hour worked.   The remaining allegations in Paragraph 60 of the Complaint are denied.

61.    Defendants were required to pay Plaintiff and the Class members said wages for each and every pay period and for all hours (or portions thereof) worked or earned under the IWPCA and similar state statutes. *See* IWPCA, *e.g.*, 820 ILCS § 115/3.

**ANSWER:**    Paragraph 61 of the Complaint contains a conclusion of law, rather than factual allegations, and therefore no response is necessary.   To the extent a response is required, Defendant states that the provisions of law speak for themselves, and Defendant denies that it engaged in any wrongful or actionable conduct toward Plaintiff.

62.    Defendants knowingly failed to pay Plaintiff and the Class members said hourly wages, in violation of their employment agreements with Plaintiff and the Class, and

the IWPCA and similar state statutes, and despite Plaintiff's demand to be paid for such violations.

**ANSWER:**    Defendant denies the allegations in Paragraph 62 of the Complaint.

63.    As a result of the Defendants' willful failure to pay wages due and owing to Plaintiff and the Class for time worked, Plaintiff and the Class members were damaged in violation of the IWPCA and similar state acts, in amounts to be proven at trial. *E.g.*, 820 ILCS § 115/4.

**ANSWER:**    Defendant denies the allegations in Paragraph 63 of the Complaint and denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause following Paragraph 63 of the Complaint.

## COUNT IV
## STATE OVERTIME LAWS

64.    Plaintiff repeats and realleges the preceding paragraphs as if fully alleged herein, and brings Count IV individually and on behalf of Class members in Illinois and in California, Colorado, Connecticut, District of Columbia, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, Oregon, Pennsylvania, Rhode Island, Washington, West Virginia, and Wisconsin (collectively herein, the "Overtime Law States").

**ANSWER:**    Defendant incorporates its responses to the preceding Paragraphs of the Complaint herein by reference.    Defendant further denies that any class action may be properly certified in this case.

65.    The same conduct giving rise to Plaintiff's claims above gives rise to Defendants' violations of the Illinois Minimum Wage Law (IMWL) and the similar statutes in the other Overtime Law States.

**ANSWER:**    Defendant denies the allegations in Paragraph 65 of the Complaint.

66.    Defendants are employers and Plaintiff and members of the Class are employees within the meaning of the IMWL and similar statutes in other Overtime Law States, which all require Defendants to pay their non-exempt

- 17 -

employees such as Plaintiff and Class members "overtime" at a rate of one and one-half times their regular rate of pay, *e.g.*, for time worked in excess of 40 hours in one week per 820 ILCS § 105/4a.

**ANSWER:**    With respect to Paragraph 66 of the Complaint, Defendant admits that Sprint/United Management Company was Plaintiff's employer and that it was required to pay overtime to Plaintiff under certain circumstances.    The remaining allegations in Paragraph 66 of the Complaint are denied.

67.    Defendants, due to their above-described practices and policies, have refused and/or failed to pay Plaintiff and Class members overtime that they are entitled to receive under the IMWL and similar statutes in the other Overtime Law States, for overtime worked in the instances set forth above (*see* ¶¶ 13-29, *supra*), *e.g.*, in excess of 40 hours per week.

**ANSWER:**    Defendant denies the allegations in Paragraph 67 of the Complaint.

68.    When Defendants have paid overtime wages, they have refused and/or failed to pay Plaintiff and other Class members 1.5 times the regular rate of pay – including 1.5 times a composite of the hourly rate *and* commissions – despite the fact that Plaintiff and Class members worked "overtime," *e.g.*, in excess of 40 hours per week.

**ANSWER:**    Defendant denies the allegations in Paragraph 68 of the Complaint.

69.    As a result of Defendants' above-described illicit conduct in violation of the IMWL and similar statutes in the other Overtime Law States, Plaintiff and Class members were damaged.

**ANSWER:**    Defendant denies the allegations in Paragraph 69 of the Complaint.

70.    Plaintiff seeks to recover from Defendants overtime wages (1.5 times the regular rate of pay) for overtime worked, plus statutory and punitive damages, attorneys' fees, and costs. *E.g.*, 820 ILCS §§ 105/4a, 12a.

**ANSWER:**     Defendant denies the allegations in Paragraph 70 of the Complaint and denies that Plaintiffs is entitled to any of the relief sought in the "WHEREFORE" clause following Paragraph 70 of the Complaint.

**COUNT V**
**UNJUST ENRICHMENT**

71.    Plaintiff repeats and realleges paragraphs 1-50 and 59-70 as if fully alleged herein, and brings Count V rooted in violation of the above statutes and similar state acts, and as required by law in the alternative to Count II, individually and on behalf of Class members in Illinois and in states where Sprint retail stores are located.

**ANSWER:**     Defendant incorporates its responses to the preceding Paragraphs of the Complaint herein by reference.  Defendant further denies that it has engaged in any unlawful or actionable conduct toward Plaintiff and denies that any class action may be properly certified in this case.

72.    Defendants' above-described policies and/or practices violate the law and public policy.

**ANSWER:**     Defendant denies the allegations in Paragraph 72 of the Complaint.

73.    Defendants were unjustly enriched as a result of their wrongful conduct by withholding, and keeping for themselves, wages for time and overtime worked, plus interest, and benefits therefrom, including monies which Plaintiff and the Class members earned and are rightfully owed.

**ANSWER:**     Defendant denies the allegations in Paragraph 73 of the Complaint.

74.    Defendants' retention of monies due to Plaintiff and the Class members violates fundamental principles of justice, equity and good conscience.

**ANSWER:**     Defendant denies the allegations in Paragraph 74 of the Complaint.

75.    As a result, Plaintiff and the Class members are entitled to restitution in an amount to be proven at trial, under the

common law of unjust enrichment in Illinois and in other
states where Sprint retail stores are located.

**ANSWER:**    Defendant denies the allegations in Paragraph 75 of the Complaint and
denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" clause
following Paragraph 75 of the Complaint.

76.    Defendant denies all factual allegations in the Complaint except those
expressly admitted herein.

77.    Defendant denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted or for
which the damages sought can be awarded.

2.    The Complaint is barred, in whole or in part, by the applicable statute of
limitations.

3.    Plaintiff's claims are barred by the doctrine of laches.

4.    Plaintiff, by his conduct, has waived any rights he may have had or is estopped
to complain of the matters alleged in the Complaint.

5.    Plaintiff is barred from seeking the relief requested by the doctrine of unclean
hands.

6.    The conduct of Defendant that is alleged to be unlawful was taken as a result
of the conduct of Plaintiff and/or the putative class members, and they are thus estopped to
assert any cause of action against Defendant.

7.    Plaintiffs and/or the putative class members have released some or all of their
claims, and therefore they are barred from bringing this action.

8.      Plaintiff is not entitled to liquidated damages because of Defendant's good faith belief that its actions did not violate the FLSA and because Defendant's conduct was not willful.

9.      Plaintiff's class action claims under state law should be dismissed insofar as such claims are inherently incompatible with Plaintiff's collective action claims under the FLSA and asserting both state law class action claims and FLSA collective action claims in the same action violates express Congressional intent.

10.     Plaintiff's claim for punitive damages is barred because any award of such damages in this action would violate Defendant's rights under the U.S. Constitution.

11.     This case is not appropriate for collective action or class action certification because any such certification would violate both Defendant's and the class members' rights under the U.S. Constitution.

12.     Defendant reserves the right to raise additional affirmative defenses as may be discovered during the course of these proceedings.

        WHEREFORE, Defendant Sprint/United Management Company denies that Plaintiff is entitled to any damages or relief, including, but not limited to, the damages asserted and relief sought in the Complaint and Defendant requests that the Court enter judgment in its favor along with attorneys' fees and costs of this action and any other relief the Court deems appropriate.

Dated:  September 3, 2008

SPRINT/UNITED MANAGEMENT COMPANY


By  /s/ Michael L. Sullivan
     One of Its Attorneys

Michael L. Sullivan (ARDC No. 06207822)
GOLDBERG KOHN BELL BLACK
  ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois  60603
(312) 201-4000

J. Timothy McDonald
Christopher J. Willis
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, N.E.
Atlanta, GA 30303
(404) 420-4628
*Admitted pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that on September 3, 2008, he caused a true and correct copy of the foregoing **ANSWER OF DEFENDANT SPRINT/UNITED MANAGEMENT COMPANY** to be served with the Clerk of the Court using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorney of record:

Ilan Chorowsky, Esq.
PROGRESSIVE LAW GROUP LLC
222 W. Ontario, Suite 310
Chicago, Illinois 60610

/s/ Michael L. Sullivan